Sara B. Brody (SBN 130222)
SIDLEY AUSTIN LLP
555 California Street, 19th Floor
San Francisco, California  94104
Telephone:  (415) 772-1200
Facsimile:  (415) 772-7400
sbrody@sidley.com

Andrew W. Stern *(to be admitted pro hac)*
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY  10019
Telephone:  (212) 839-5300
Facsimile:  (212) 839-5599
astern@sidley.com

*Attorneys for Defendants SMART Technologies Inc., Apax Partners, David A. Martin, Nancy L. Knowlton, G.A. Fitch, Salim Nathoo and Arvind Sodhani*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THOMAS E. HARPER and DIANE KEENE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SMART TECHNOLOGIES, INC., DAVID A. MARTIN, NANCY L. KNOWLTON, G.A. FITCH, SALIM NATHOO, ARVIND SODHANI, INTEL CORPORATION, APAX PARTNERS, MORGAN STANLEY & CO. INC., DEUTSCHE BANK AG, and RBC DOMINION SECURITIES INC,<br><br>Defendants. | Case No. 11 CV 5232 (SBA)<br><br>Assigned to: Hon. Saundra Brown Armstrong<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER THIS ACTION OR IN THE ALTERNATIVE DISMISS OR STAY THIS ACTION AND STRIKE THE CLASS ALLEGATIONS**<br><br>Date:      March 13, 2012<br>Time:     1:00 P.M.<br>Place:    Courtroom 1, 4th Floor |

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER OR IN THE ALTERNATIVE DISMISS OR STAY THIS ACTION AND STRIKE THE CLASS ALLEGATIONS – Case No. 11 CV 5232**

SF1 1753187v.3

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................. 1

II. STATEMENT OF ISSUES TO BE DECIDED ................................................................... 2

III. STATEMENT OF RELEVANT FACTS ............................................................................. 3

IV. ARGUMENT ........................................................................................................................ 4

    A. This Court Has The Power To Transfer This Action Under Both The First-To-File Rule And 28 U.S.C. § 1404(a). ........................................................................ 4

    B. The First-To-File Rule Supports Transfer Of This Action ......................................... 7

        1. The First *Alltrade* Factor Supports Transfer ...................................................... 7

        2. The Second *Alltrade* Factor Supports Transfer ................................................. 7

        3. The Third *Alltrade* Factor Supports Transfer .................................................... 9

    C. The § 1404(a) Factors Support Transfer Of This Action ........................................... 10

    D. If This Court Declines To Transfer This Action, It Should Exercise Its Discretion To Dismiss Or Stay This Action ............................................................... 11

    E. If The Court Declines To Transfer Or Dismiss This Action, It Should Strike Plaintiffs' Class Allegations For Failure To Comply With The PSLRA .................... 12

V. CONCLUSION .................................................................................................................... 14

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Alioto v. Hoiles*,
    No. C 04-1395, 2004 U.S. Dist. LEXIS 21398 (N.D. Cal. Oct. 12, 2004) ........................ 6, 8, 9

*Alltrade, Inc. v. Uniweld Products, Inc.*,
    946 F.2d 622 (9th Cir. 1991) ................................................................................ passim

*Andrade v. Am. Apparel, Inc.*,
    No. 10-06352, 2011 U.S. Dist. LEXIS 79795 (C.D. Cal. Mar. 15, 2011) ............................. 13

*Bennett v. Bed Bath & Beyond, Inc.*,
    No. C 11-02220 CRB, 2011 U.S. Dist. LEXIS 79973 (N.D. Cal. July 22, 2011) ................ 5-7

*Brody v. Homestore, Inc.*,
    CV 02-08068, 2003 U.S. Dist. LEXIS 17267 (C.D. Cal. Aug. 11, 2003) ............................. 14

*Cadence Design Sys., Inc. v. OEA Int'l, Inc*.,
    Case No. CV 11-0713 SBA, 2011 U.S. Dist. LEXIS 106739 (N.D. Cal. Sept. 20, 2011) ........ 5

*Cardoza v. T-Mobile USA*, Inc.,
    No. 08-5120, 2009 U.S. Dist. LEXIS 25895, (N.D. Cal. Mar. 18, 2009) ................................ 6

*Castaneda v. Fila USA, Inc*.,
    No. 11-CV-1033, 2011 U.S. Dist. LEXIS 109720 (S.D. Cal. Aug. 10, 2011) ....................... 13

*Church of Scientology of California v. United States Dep't of Army*,
    611 F.2d 738 (9th Cir. 1979) ..................................................................................................4

*Cohn v. Oppenheimerfunds, Inc.*,
    No. 09cv1656, 2009 U.S. Dist. LEXIS 106749 (S.D. Cal. Nov. 12, 2009) ........................ 6, 11

*Cont'l Grain Co. v. The FBL-585*,
    364 U.S. 19, 80 S. Ct. 1470 (1960) ........................................................................................ 7

*Dist. Council 37 Health & Sec. Plan v. McKesson Corp*.,
    Case No. C06-00718 SBA, 2006 U.S. Dist. LEXIS 30584 (N.D. Cal. May 11, 2006) ...... 8, 11

*Gerin v. Aegon USA, Inc.*,
    No. C 06-5407, 2007 U.S. Dist. LEXIS 28049 (N.D. Cal. Apr. 3, 2007) ........................... 4, 6

*Gomes v. American Century Cos., Inc*.,
    Case No. 10-0083-CV-W-SOW, Slip Op. at 10 (W.D. Mo. Feb. 18, 2011) .......................... 10

*Herman v. Yellowpages*,
    10 cv 0195, 2011 U.S. Dist. LEXIS 47676 (S.D. Cal. Mar. 29, 2011) ................................... 5

*In re Bank of Am. Corp. Auction Rate Secs. Mktg. Litig.*,
 No. MDL 09-02014, 2009 U.S. Dist. LEXIS 63433 (N.D. Cal. July 9, 2009)........................13

*In re Portal Software, Inc. Secs. Litig.*,
 No C-03-5138, 2005 U.S. Dist. LEXIS 41178 (N.D. Cal. Mar. 9, 2005)................................12

*Knox v. Agria Corp.*,
 613 F. Supp. 2d 419 (S.D.N.Y. 2009)....................................................................................13

*Meints v. Regis Corp.*,
 09cv2061, 2010 U.S. Dist. LEXIS 78194 (N.D. Cal. August 2, 2010) ..................................11

*Peak v. Green Tree Fin. Servicing Corp.*,
 No. C 00-0953, 2000 U.S. Dist. LEXIS 9711 (N.D. Cal. July 7, 2000)..............................9, 11

*Perlmutter v. Intuitive Surgical, Inc.*,
 10-CV-03451, 2011 U.S. Dist. LEXIS 16813 (N.D. Cal. Feb. 15, 2011) ..............................12

*SASCO v. Byers*,
 No. C 08-5641, 2009 U.S. Dist. LEXIS 36886 (N.D. Cal. Apr. 14, 2009) ............................11

*Summit Entm't, LLC v. Bath & Body Works Brand Mgmt.*,
 CV 11-3570 RSWL, 2011 U.S. Dist. LEXIS 71777 (C.D. Cal. July 5, 2011) .........................5

*Ward v. Follett Corp.*,
 158 F.R.D. 645 (N.D. Cal. 1994)..............................................................................................7

*Weinstein v. Metlife, Inc.*,
 No. C 06-04444, 2006 U.S. Dist. LEXIS 83115 (N.D. Cal. Nov. 6, 2006)........................8, 12

**STATUTES**

28 U.S.C. § 1404(a) .............................................................................................................. passim

28 U.S.C. § 1441(a) ......................................................................................................................4

Private Securities Litigation Reform Act of 1995 ................................................................ passim

Securities Act of 1933................................................................................................................ passim

Securities Litigation Uniform Standards Act of 1998, Pub. L. No. 105-353, 112 Stat. 3227
 (1998)........................................................................................................................................4

**OTHER AUTHORITIES**

Rule 12(f) of the Federal Rules of Civil Procedure ................................................................2, 13

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER OR IN THE ALTERNATIVE
DISMISS OR STAY THIS ACTION AND STRIKE THE CLASS ALLEGATIONS – CASE NO. 11 CV 5232**
-iii-

SF1 1753187v.3

**TO THOMAS E. HARPER AND DIANNE KEENE, AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on March 13, 2012 at 1:00 p.m., or as soon thereafter as may be heard, in the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California, before the Honorable Saundra Brown Armstrong, 4th Floor, Defendants will and hereby do move the Court to transfer this action or, in the alternative, to dismiss or stay this action and strike the class allegations.

Defendants respectfully request that the Court grant their motion and enter an order transferring this action to the United States District Court for the Southern District of New York, where a substantively identical action is now pending. In the alternative, Defendants respectfully request that the Court dismiss this action or stay it and strike the Plaintiffs' class allegations.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Andrew W. Stern ("Stern Decl.") and exhibits attached thereto, any documents filed in Reply, all pleadings and papers on file in this action, and such additional evidence and authority as may be offered at or before the time of oral argument on this Motion.

Defendants further certify that they have complied with the Court's Meet and Confer Requirement before filing this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

This matter should not go forward in this Court. Plaintiffs' allegations, and the class they seek to represent, are duplicative of *McKenna v. SMART Technologies Inc.*, 11 CV 7673(KBF) ("*McKenna*"),[1] a case that has been pending for more than nine months, first in the Northern District of Illinois, and currently in the Southern District of New York.[2] *McKenna* has proceeded in

---

[1] The Lead Plaintiff in *McKenna* filed an amended complaint on November 4, 2011 (the "amended *McKenna* complaint"). (*See* Stern Decl., Ex. 2)
[2] In December 2010, two complaints were filed in the Southern District of New York alleging claims relating to SMART's IPO under the 1933 Act. Those complaints, which were substantively identical to *McKenna*, were voluntarily dismissed by the plaintiffs on February 4, 2011, shortly after Mr. McKenna filed his complaint in the Northern District of Illinois. (*See* Stern Decl., Ex. 8.)

1  accordance with the Private Securities Litigation Reform Act of 1995 ("PSLRA") through the
2  appointment of a Lead Plaintiff and the approval of its chosen counsel.  The filing of this case
3  violates both the letter and spirit of the PSLRA and should not be countenanced.  Indeed, Congress
4  passed the PSLRA, in significant part, to hinder "lawyer-driven" lawsuits and place control of
5  securities litigation in the hands of the plaintiff best able to represent the interests of a putative class.
6  Accordingly, the PSLRA sets forth several procedural requirements that a would-be Lead Plaintiff
7  and its counsel must satisfy.  Plaintiffs Harper and Keene filed this action on September 27, 2011 in
8  the Superior Court of the State of California and Defendant SMART Technologies Inc. ("SMART")
9  timely removed to this Court.  By proceeding as they did, Plaintiffs Harper and Keene sought to
10 circumvent the PSLRA's Lead Plaintiff provisions, undermine the properly-appointed Lead Plaintiff
11 in *McKenna*, and unduly burden the defendants and courts with duplicative litigation.  Furthermore,
12 this action, if permitted to proceed, would create a risk of conflicting rulings.

13        As such, this Court should exercise its discretion under the well-established "first-to-file
14 rule" to transfer this action to the Southern District of New York where, in the interests of efficiency
15 and justice, it can be consolidated with *McKenna*.  Alternatively, this Court may effect a transfer of
16 this action pursuant to 28 U.S.C. § 1404(a).  Although Defendants respectfully submit that transfer is
17 the most appropriate remedy in these circumstances, if this Court declines to transfer the case, then
18 the Court should dismiss or stay it.  Furthermore, should this Court decline to transfer or dismiss, the
19 Court should strike Plaintiffs' class allegations pursuant to Rule 12(f) of the Federal Rules of Civil
20 Procedure because Plaintiffs have failed to comply with the statutory requirements of the PSLRA.

## II.   STATEMENT OF ISSUES TO BE DECIDED

   A.   Would a transfer (or, in the alternative, stay or dismissal) pursuant to the first-to-file rule avoid placing an unnecessary burden on the federal judiciary and the defendants?

   B.   Would a transfer (or, in the alternative, stay or dismissal) pursuant to the first-to-file rule avoid the risk of conflicting rulings?

   C.   Do any of the equitable exceptions to the first-to-file rule apply to the instant action?

   D.   In the alternative, should the Court transfer the action pursuant to 28 U.S.C. § 1404(a) for the convenience of parties and witnesses and in the interest of justice?

    E.    If a transfer or dismissal is not granted, should the class allegations be stricken pursuant to Rule 12(f) for failure to satisfy the PSLRA's statutory requirements?

## III.    STATEMENT OF RELEVANT FACTS

This case is substantially duplicative of a previously-filed class action that has been pending for more than nine months. On January 26, 2011, plaintiff Thomas McKenna filed a putative class action on behalf of the purchasers of the Class A Subordinate Voting Shares of SMART pursuant to SMART's July 20, 2010 initial public offering ("IPO").[3] (*See* Stern Decl., Ex. 1.) As in the instant complaint, Mr. McKenna asserted claims under the Securities Act of 1933 ("1933 Act") based upon allegations of materially false and misleading statements in the Registration Statement and Prospectus issued in connection with the IPO. (*See id*.) On March 15, 2011, the *McKenna* defendants, including most of the defendants in this matter, moved, pursuant to 28 U.S.C. § 1404, to transfer *McKenna* to the Southern District of New York. (*See id.*, ¶ 5 & Ex. 3.) Judge Edmond Chang of the Northern District of Illinois agreed that New York was the more convenient forum and, on October 14, 2011, granted the motion to transfer. (*See id*.) *McKenna* is now pending in the Southern District of New York before Hon. Katherine B. Forrest.

While the transfer motion was pending, pursuant to the PSLRA, the *McKenna* court considered briefing, and, on June 16, 2011, appointed as Lead Plaintiff the City of Miami General Employees' and Sanitation Employees' Retirement Trust ("City of Miami Trust"), and approved City of Miami Trust's selection of Bernstein Litowitz Berger & Grossman LLP ("Bernstein Litowitz") as lead counsel. (*See id.*, Ex. 4.) The *McKenna* court concluded that City of Miami Trust had "properly moved the Court for designation as lead plaintiff, has the largest financial interest in this controversy, and typically and adequately represents the purported class." (*Id*., Ex. 4 at 1.) The parties and the district court in *McKenna* proceeded with all of the foregoing activity pursuant to the procedural requirements and timeframes mandated by the provisions of the PSLRA. 15 U.S.C. § 78u-4(a)(3).

---

[3] As noted in footnote 1 above, Mr. McKenna's complaint was filed approximately one month after nearly identical complaints were filed in the Southern District of New York. After motions for the appointment of lead plaintiffs and lead counsel were filed in both courts in February 2011 pursuant to the PSLRA, the New York plaintiffs dismissed their actions, leaving Mr. McKenna's complaint pending in the Northern District of Illinois.

On September 27, 2011, approximately eight months after Mr. McKenna filed his original complaint, and three months after the appointment of City of Miami Trust as Lead Plaintiff, Mr. Harper and Ms. Keene filed the instant complaint in the Superior Court of the State of California, County of San Francisco, under Index No. CGC-11-514673.  On October 26, 2011, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(a) and the Securities Litigation Uniform Standards Act of 1998, Pub. L. No. 105-353, 112 Stat. 3227 (1998).  Because this action seeks substantially the same relief on behalf of the same putative class of investors as *McKenna*, this action should be transferred to the Southern District of New York, where it can be consolidated with that case.  In the alternative, the Court should dismiss this action, or stay it and strike the class allegations.

## IV.     ARGUMENT

### A.     This Court Has The Power To Transfer This Action Under Both The First-To-File Rule And 28 U.S.C. § 1404(a).

The well-established first-to-file rule allows a district court to transfer an action when a "*similar* complaint has already been filed in another federal court." *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622 (9th Cir. 1991) (emphasis added).  This Court has explained that "[t]he purpose of the rule is 'to avoid the waste of duplication, to avoid rulings which may trench upon the authority of other courts, and to avoid piecemeal resolution of issues that call for a uniform result.'"[4] *Gerin v. Aegon USA, Inc.*, No. C 06-5407 SBA, 2007 U.S. Dist. LEXIS 28049, *11 (N.D. Cal. Apr. 3, 2007) (citing *Panasonic Corp. v. Patriot Scientific Corp.*, 2006 U.S. Dist. LEXIS 15758, 2006 WL 709024, *2 (N.D. Cal. 2006)).  The first-to-file rule was developed to "serve[] the purpose of promoting efficiency well and should not be disregarded lightly." *Church of Scientology of California v. United States Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979).

The Ninth Circuit has held that, in applying the first-to-file rule, courts must look to three threshold factors: (1) the order in which the actions were filed; (2) similarity of the parties; and (3)

---

[4] The possibility of conflict is not limited to final judgment.  Where two substantially similar putative class actions proceed in different districts, there is a likelihood of conflicting rulings with respect to, *inter alia*, class certification and the viability of particular claims.

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER OR IN THE ALTERNATIVE DISMISS OR STAY THIS ACTION AND STRIKE THE CLASS ALLEGATIONS – CASE NO. 11 CV 5232**
-4-
SF1 1753187v.3

similarity of issues. *Alltrade*, 946 F.2d at 625. If the threshold factors are met, the court should apply the rule unless certain equitable exceptions apply. *Id.* at 628 ("The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping.").

This Court, in *Cadence Design Sys., Inc. v. OEA Int'l, Inc.*, recently ordered transfer pursuant to the first-to-file rule where a similar case had been filed three months earlier in the Eastern District of Texas, noting that the first-to-file rule "favors the forum of the first-filed action." Case No. CV 11-0713 SBA, 2011 U.S. Dist. LEXIS 106739 at *4 (N.D. Cal. Sept. 20, 2011). This principle is particularly applicable in circumstances like those presented here. Thus, in *Bennett v. Bed Bath & Beyond, Inc.*, a plaintiff brought a putative class action in the Northern District of California that was "duplicative of an earlier filed lawsuit in the Central District of California." No. C 11-02220 CRB, 2011 U.S. Dist. LEXIS 79973, *3 (N.D. Cal. July 22, 2011). Following the defendant's motion to dismiss, stay, or transfer,[5] the court found that all three of the *Alltrade* factors were satisfied and that the "interest in judicial economy" supported transfer as "the proper course here under the first-to-file doctrine." *Id.* at *6-7.

Indeed, other California federal courts also have routinely transferred actions pursuant to the first-to-file rule under circumstances similar to those presented here. *See, e.g., Herman v. Yellowpages*, 10 cv 0195, 2011 U.S. Dist. LEXIS 47676, *12 (S.D. Cal. Mar. 29, 2011) (granting motion to transfer putative class action to venue of first-filed action where the "classes at issue are the same," "the issues in the[] cases are substantially similar," and no equitable exceptions apply); *Summit Entm't, LLC v. Bath & Body Works Brand Mgmt.*, CV 11-3570 RSWL, 2011 U.S. Dist. LEXIS 71777, *1-2 (C.D. Cal. July 5, 2011) (granting motion to transfer "pursuant to the first-to-file rule as set forth by *Alltrade*" from the Central District of California to the Southern District of New York).

In addition, § 1404(a) provides an independent mechanism for transfer, separate from the first-to-file rule. *See Alioto v. Hoiles*, No. C 04-1395, 2004 U.S. Dist. LEXIS 21398, *16 (N.D. Cal.

---

[5] The remedy is at the discretion of the court. *See* discussion on pp. 10-11 *infra*.

Oct. 12, 2004) (finding transfer appropriate under the first-to-file rule but noting that "[t]ransfer is also warranted under 28 U.S.C. § 1404(a)"). This Court has explained that a party seeking transfer under § 1404(a) must establish "(1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice."[6] *See Gerin v. Aegon USA, Inc.*, No. C 06-5407, 2007 U.S. Dist. LEXIS 28049, *9-10 (N.D. Cal. Apr. 3, 2007); *see also* § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). The purpose of § 1404(a) is to "prevent the waste of 'time, energy and money' and to 'protect litigants, witnesses, and the public against unnecessary inconvenience and expense.'" *Gerin*, 2007 U.S. Dist. LEXIS 28049 at *8-9 (quoting *Van Dusen v. Barrack*, 376 U.S. 612 (1964)).

In assessing the convenience of parties and witnesses and the interests of justice, courts consider several factors, including: "(1) the plaintiffs choice of forum;[7] (2) the convenience of the parties; (3) the convenience of the witnesses; (4) ease of access to the evidence; (5) familiarity of each forum with the applicable law; (6) feasibility of consolidation of other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time of trial in each forum." *Gerin*, 2007 U.S. Dist. LEXIS 28049 at *10. Notably, "[t]he pendency of related actions in the transferee forum is a significant factor in considering the interest of justice factor." *Cohn v. Oppenheimerfunds, Inc.*, No. 09cv1656, 2009 U.S. Dist. LEXIS 106749, *17 (S.D. Cal. Nov. 12, 2009) (granting transfer where related action was pending in transferee forum, despite the fact that "factors related to the convenience of the parties and witnesses are evenly balanced"). Indeed, the United States Supreme Court has recognized that transfer is an appropriate remedy where similar cases are pending in different districts. *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26, 80 S. Ct.

---

[6] Even in circumstances where the § 1404(a) factors militate *against* transfer, transfer may still be appropriate under the first-to-file rule. In *Bennett*, the plaintiff argued that the § 1404(a) factors did not support transfer. 2011 U.S. Dist. LEXIS 79973 at *6. The court explained that "[t]his argument is beside the point and wrong ... because the interest in judicial economy is enough to support transfer [under the first-to-file rule] regardless of the other factors." *Id.*

[7] "In class actions, however, a plaintiff's choice of forum is often accorded less weight." *Cardoza v. T-Mobile USA, Inc.*, No. 08-5120 , 2009 U.S. Dist. LEXIS 25895, *10 (N.D. Cal. Mar. 18, 2009) (citing *Lou v. Belzberg*, 834 F.2d 730, 279 (9th Cir. 1987)).

1470 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money. . .").

### B. The First-To-File Rule Supports Transfer Of This Action

As demonstrated below, each of the *Alltrade* factors supports transfer of this action under the first-to-file rule. *Alltrade*, 946 F.2d at 625. Because none of the equitable exceptions to the first-to-file rule apply to the instant dispute, the Court should transfer this action to the Southern District of New York.

#### 1. The First *Alltrade* Factor Supports Transfer

The first *Alltrade* factor simply focuses on the chronology of the two actions. That is, the first-filed action must have been filed prior to the second-filed action in order to benefit from the first-to-file rule. *See Bennett*, 2011 U.S. Dist. LEXIS 79973 at *2. With respect to the chronology of actions, "courts focus on the date upon which the party filed its original, rather than its amended complaint." *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994). Mr. McKenna filed his original complaint on January 26, 2011, approximately *eight months* prior to the filing of the instant action.[8] Thus, there can be no dispute that *McKenna* was filed before the complaint in this case was filed and that Defendants have satisfied the first *Alltrade* factor. Moreover, in this interim period the Lead Plaintiff and Lead Counsel were appointed in the *McKenna* action. These are threshold requirements to move a putative securities class action forward and they have been met in the *McKenna* action. Accordingly, that case is poised to progress in a manner substantially ahead of the instant case.

#### 2. The Second *Alltrade* Factor Supports Transfer

The second *Alltrade* factor considers the similarity of the parties. "The relevant lawsuits need only be substantially similar, rather than identical, to trigger the rule." *Id.*; *see also Alioto*,

---

[8] Moreover, as noted above, the two original putative class action complaints relating to this matter were filed in the Southern District of New York in December 2010, approximately eleven months before the complaint was filed in this action.

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER OR IN THE ALTERNATIVE DISMISS OR STAY THIS ACTION AND STRIKE THE CLASS ALLEGATIONS – CASE NO. 11 CV 5232**
-7-
SF1 1753187v.3

2004 U.S. Dist. LEXIS 21398 at *5 ("Exact parallelism between the two actions need not exist; it is enough if the parties and issues in the two actions are 'substantially similar.'").

There can be no question that the parties in *McKenna* and the instant action are, at the very least, "substantially similar."  First, when assessing the "similarity of the parties" in the context of competing putative class actions, "the classes, and not the class representatives, are compared." *Weinstein v. Metlife, Inc.*, No. C 06-04444, 2006 U.S. Dist. LEXIS 83115, *4 (N.D. Cal. Nov. 6, 2006) (citing Cal. Jur. 3d Actions § 284).  Here, the Lead Plaintiff in *McKenna* and the named plaintiffs in the instant action each seek to represent all purchasers of SMART common stock pursuant to SMART's July 20, 2010 IPO.  (*See* Stern Decl., Ex. 2 at ¶¶ 1, 103; Compl. at ¶¶ 1, 72.)  Second, in addition to SMART, which issued the stock acquired by the putative plaintiff classes and made the alleged misstatements in its offering documents, both actions include seven other defendants: (1) David A. Martin; (2) Nancy L. Knowlton; (3) G.A. Fitch; (4) Salim Nathoo; (5) Arvind Sodhani; (6) Apax Partners; and (7) Intel Corporation.

Although there are some differences between the defendants named in the instant action and the defendants in *McKenna*, the differences are not significant for purposes of the second *Alltrade* factor.  Indeed, this Court has held that "[t]he presence of an additional defendant in the [first-filed] action does not render the actions dissimilar for the purposes of the first to file rule."  *Dist. Council 37 Health & Sec. Plan v. McKesson Corp.*, Case No. C06-00718 SBA, 2006 U.S. Dist. LEXIS 30584, *3 (N.D. Cal. May 11, 2006).  Both the original and amended *McKenna* complaints name Michael J. Mueller and Robert C. Hagerty, SMART directors who have not been sued in the instant complaint.  In addition, the amended *McKenna* complaint names Apax Partners Europe Managers Ltd., an affiliate of Apax Partners, which is not named in the instant complaint.  Finally, the complaint in this action names as defendants Morgan Stanley & Co. Inc.,[9] Deutsche Bank AG, and RBC Dominion Securities Inc.; Morgan Stanley, Deutsche Bank Securities Inc., and RBC Dominion Securities were three underwriters of the IPO.[10]  Although those three underwriters are no longer

---

[9] Morgan Stanley & Co. Inc. is now known as Morgan Stanley & Co. LLC ("Morgan Stanley").

[10] Plaintiffs incorrectly named Deutsche Bank AG as a defendant here.  Deutsche Bank AG had nothing to do with the IPO — its affiliate Deutsche Bank Securities Inc., which is not named as a defendant here, was an underwriter of the IPO.

1  defendants in the *McKenna* action, each was named as a defendant in the original *McKenna*
2  complaint.[11]
3        The law is clear that "substantially similar" parties – not perfect identity of the parties – is all
4  that is necessary to support transfer pursuant to the first-to-file rule.  *Alioto v. Hoiles*, 2004 U.S. Dist.
5  LEXIS 21398 at *5.  Because the parties in *McKenna* and the instant action are certainly
6  "substantially similar," Defendants have satisfied the second *Alltrade* factor.

### 3. The Third *Alltrade* Factor Supports Transfer

The third *Alltrade* factor considers the similarity of the issues in dispute.  As with the parties, "[t]he first-to-file rule only requires that the two cases contain similar issues, not identical issues." *Peak v. Green Tree Fin. Servicing Corp.*, No. C 00-0953, 2000 U.S. Dist. LEXIS 9711, *5 (N.D. Cal. July 7, 2000).  Indeed, "exact parallelism . . . need not exist." *Id.*  Nonetheless, these actions are, in fact, almost identical: each asserts violations of the 1933 Act based upon alleged misstatements and omissions in the offering documents issued in connection with SMART's July 20, 2010 IPO.  Moreover, even the nature of the alleged misstatements – that SMART misrepresented its ability to expand its global distribution network and to integrate its acquisition of NextWindow – in the two complaints are "substantially similar."  For instance, the amended *McKenna* complaint alleges the following misleading statements or omissions:

- That "SMART had sold products and solutions in over 100 countries and spent almost 20 years building a global network of dealers and distributors, resulting in a 'well established distribution network' that gave SMART a 'broad global presence and access to a large addressable market.'"

- That SMART's offering materials "gave no warning that there were no touch applications for the Windows 7 operating system or that demand for NextWindow's products was very weak in the period leading up to the IPO."

- That "[a]t the time of the acquisition, SMART and NextWindow were engaged in patent litigation, and [] SMART's desire to resolve that litigation was a primary driver of the acquisition."

---

[11] On August 18, 2011, Lead Plaintiff City of Miami Trust dismissed the underwriters, subject to a tolling agreement. (*See* Stern Decl., Ex. 5 at 2:19-21; Ex. 6.)  The decision of whom to sue – or not to sue –  is clearly within the City of Miami Trust's discretion as the Lead Plaintiff appointed pursuant to the PSLRA.

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER OR IN THE ALTERNATIVE DISMISS OR STAY THIS ACTION AND STRIKE THE CLASS ALLEGATIONS – CASE NO. 11 CV 5232**
-9-
SF1 1753187v.3

(Stern Decl., Ex. 2 at ¶¶ 54, 75, 84.)

Similarly, the instant complaint alleges the following misstatements:

- "[T]hat [SMART's] Global Sales and Distribution Network would be a competitive advantage to the Company enabling it to increase revenue outside the U.S., U.K. and Canada."

- That "Defendants failed to disclose that NextWindow's touch screen technology was not fully compatible with Windows 7, which Microsoft had released in October 2009 – nine months prior to the July 2010 IPO" and that "[t]he limited compatibility of NextWindow with Windows 7 limited NextWindow's potential growth in the marketplace."

- That "the Registration Statement and Prospectus failed to disclose the Patent Dispute existing between the Company and NextWindow, which was dismissed less than three months before the IPO."

(Compl. at ¶ 9, 64, 71.)

Because the issues in the two actions are "substantially similar," Defendants have satisfied the third *Alltrade* factor.  Moreover, there are no equitable exceptions that could be used to oppose transfer under the first-to-file rule:  The defendants did not file any of the relevant lawsuits or choose the various fora in which they were filed, there can be no claim that any defendant acted in bad faith, and there can be no claim that any defendant has engaged in forum shopping.[12]  This case should, therefore, be transferred to the Southern District of New York.

### C.   The § 1404(a) Factors Support Transfer Of This Action

While this action should be transferred pursuant to the first-to-file rule, the § 1404(a) factors also support the requested transfer.  As an initial matter, there can be no question that this action "might have been brought" in the Southern District of New York.  Indeed, a substantively identical case *is now pending* in that district.  Further, in transferring *McKenna* to the Southern District of New York pursuant to § 1404(a), Judge Chang expressly found that the convenience factors favored New York.  The court explained that (1) SMART was listed on the New York-based NASDAQ; (2) some of the lead underwriter's employees who were involved in conducting the due diligence as

---

[12] Indeed, the only potential inference of forum shopping would be by plaintiffs. *Cf. Gomes v. American Century Cos., Inc.*, Case No. 10-0083-CV-W-SOW, Slip Op. at 10 (W.D. Mo. Feb. 18, 2011) (finding that the sequence of filings there at issue "could give the perception of forum shopping").  That would of course support transfer, not counsel against it.

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER OR IN THE ALTERNATIVE DISMISS OR STAY THIS ACTION AND STRIKE THE CLASS ALLEGATIONS – CASE NO. 11 CV 5232**

-10-

SF1 1753187v.3

well as in drafting the deal documents are based in New York, and (3) all of the United States records relating to the IPO will be found in New York or California.  (*See* Stern Decl., Ex. 3 at 2.)  Thus, the Southern District of New York is at least as convenient for the parties, if not more convenient, than the Northern District of California.  Even if the convenience factors were deemed neutral, "[t]he pendency of [a] related action[] in the transferee forum" tips the balance in favor of transfer.  *See Cohn*, 2009 U.S. Dist. LEXIS 106749 at *17.

### D. If This Court Declines To Transfer This Action, It Should Exercise Its Discretion To Dismiss Or Stay This Action

The first-to-file rule affords courts the choice of remedy where an action is duplicative of an earlier-filed action.  *Alltrade*, 946 F.2d at 623.  Specifically, as an alternative to transfer, a court may dismiss or stay the second-filed action.  *Id.*; *see also Dist. Council 37 Health & Sec. Plan*, 2006 U.S. Dist. LEXIS 30584 (ordering action dismissed under the first-to-file rule); *SASCO v. Byers*, No. C 08-5641, 2009 U.S. Dist. LEXIS 36886 (N.D. Cal. Apr. 14, 2009) (explaining that the plaintiff "has not provided any explanation for the filing of this separate and essentially duplicative action other than to burden" the defendant and "[f]or that reason, in exercising its discretion whether to stay, transfer, or dismiss the instant action in accordance with the first-to-file rule, the Court elects dismissal."); *Peak v. Green Tree Fin. Servicing Corp.*, C 08-5641, 2000 U.S. Dist. LEXIS 9711, *6-7 (N.D. Cal. July 7, 2000) ("Though the named plaintiffs are different, the issues presented in this case sufficiently duplicate those presented to the Eastern District in [the first-filed case] to justify dismissing this case."); *Meints v. Regis Corp.*, 09cv2061, 2010 U.S. Dist. LEXIS 78194 (N.D. Cal. August 2, 2010) (granting motion to stay putative class action pending resolution of first-filed, duplicative class action); *Weinstein*, 2006 U.S. Dist. LEXIS 83115 (staying duplicative putative class action until class certification is determined in the first-filed action).[13]

In determining whether stay or dismissal is appropriate, courts again look to the threshold *Alltrade* factors and then consider whether any equitable exception applies.  946 F.2d 622.  As demonstrated above, Defendants have satisfied each of the *Alltrade* factors and no equitable

---

[13] Some courts have indicated a general preference for stays in lieu of dismissal.  *See, e.g., Alltrade*, 946 F.2d 622 (reversing dismissal and ordering instead a stay).

1  exceptions apply. *Id*. at 625, 628. Therefore, should this Court decline to transfer this action to the Southern District of New York, it should dismiss this action or, at a minimum, stay it until the resolution of *McKenna*.

### E. If The Court Declines To Transfer Or Dismiss This Action, It Should Strike Plaintiffs' Class Allegations For Failure To Comply With The PSLRA

If the Court maintains jurisdiction over this action, regardless whether it orders a stay, it should strike Plaintiffs' class allegations for failure to comply with the PSLRA's Lead Plaintiff provisions. The PSLRA amended the 1933 Act to institute, *inter alia*, a number of requirements that a plaintiff must meet in order to be deemed the "most adequate plaintiff . . . to serve as a representative party on behalf of a class" under the 1933 Act. 15 U.S.C. § 78u-4(a)(3). The PSLRA's Lead Plaintiff provisions call for the named plaintiff to "widely announce[] notice of the pendency of any putative securities class action" and also "specifies a procedure for a hearing to appoint th[e] most adequate plaintiff as the lead plaintiff." *In re Portal Software, Inc. Secs. Litig*., No C-03-5138, 2005 U.S. Dist. LEXIS 41178, *8-9 (N.D. Cal. Mar. 9, 2005).

"It is axiomatic that the lead plaintiff provisions of the PSLRA were designed to improve the quality of representative plaintiffs in securities class actions and vest control of such actions in the plaintiff, rather than the plaintiff's counsel." *Id.* The provisions provide a "presumption that the most adequate plaintiff" is the person that seeks appointment as lead plaintiff and "has the largest financial interest in the relief sought by the class." 15 USC § 77z-1(a)(3)(B)(iii). Oftentimes, the "person" with the largest financial interest is an institutional investor and, indeed, "the PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs." *See Perlmutter v. Intuitive Surgical, Inc.*, 10-CV-03451, 2011 U.S. Dist. LEXIS 16813, *44 (N.D. Cal. Feb. 15, 2011) (quoting *Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006).

Additionally, "one of the goals of the PSLRA was to minimize lawyer driven lawsuits." *In re Bank of Am. Corp. Auction Rate Secs. Mktg. Litig.*, No. MDL 09-02014, 2009 U.S. Dist. LEXIS 63433, *7 (N.D. Cal. July 9, 2009). This goal is served by "having an engaged lead plaintiff actively supervise the conduct of the litigation." *Andrade v. Am. Apparel, Inc.*, No. 10-06352, 2011 U.S. Dist.

LEXIS 79795, *38 (C.D. Cal. Mar. 15, 2011) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201 (3d Cir. 2001)).

Mr. McKenna filed his original complaint in the Northern District of Illinois on January 26, 2011, after notice had been published by earlier plaintiffs and counsel who had filed substantively identical actions in the Southern District of New York.  (*See* Stern Decl., Ex. 7.)  Between January and June 2011, the *McKenna* court followed the PSLRA's procedural requirements and after briefing and a hearing, ultimately appointed the City of Miami Trust, an institutional investor with a large investment in SMART, as Lead Plaintiff, and approved its choice of lead counsel, Bernstein Litowitz.  Having followed the requirements set forth in the PSLRA, the *McKenna* action is proceeding in accordance with Congress' intent.  The instant action, however, involves exactly the sort of "lawyer driven" litigation that Congress sought to thwart.  Indeed, counsel for Plaintiffs have filed a number of similar putative class actions in state courts, seeking to avoid the PSLRA's requirements.[14]  This Court should neither countenance Plaintiffs' transparent efforts to circumvent the PSLRA's lead plaintiff provisions, nor should it undermine the *McKenna* court's diligent effort to appoint a Lead Plaintiff or City of Miami Trust's right to serve as such.

This Court's power to strike Plaintiffs' class allegations derives from Federal Rule of Civil Procedure 12(f), which authorizes courts to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  The purpose of a Rule 12(f) motion is "to dispose of spurious issues before trial to avoid the unnecessary expenditure of time and money." *Castaneda v. Fila USA, Inc.*, No. 11-CV-1033, 2011 U.S. Dist. LEXIS 109720, *4 (S.D. Cal. Aug. 10, 2011) (citing *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).  In *Brody v. Homestore, Inc.*, the court dismissed a complaint pursuant to Rule 12(f) where the plaintiff "failed to meet the procedural requirements of the [PSLRA] prior to filing the present action as a class action."  CV 02-08068, 2003 U.S. Dist. LEXIS 17267, *8 (C.D. Cal. Aug. 11, 2003).  Specifically, the plaintiff failed to file a certification with his complaint, as required by the PSLRA, and also did not comply with the PSLRA's notice provisions so as to allow for the appointment of a lead plaintiff.

---

[14] *See*, *e.g.*, *Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 423 (S.D.N.Y. 2009) (denying motion to remand putative class action asserting claims under the 1933 Act and consolidating with pending federal securities class actions).

*Id.* at \*8-9.  Here, Plaintiffs have not complied with the PSLRA's Lead Plaintiff provisions and, in fact, they *cannot comply* with those provisions, because the time to apply to become Lead Plaintiff has long passed and the City of Miami Trust already has been appointed.[15]  Accordingly, Plaintiffs here have two options:  (i) join a class, if certified, in *McKenna* or (ii) proceed on an individual basis after *McKenna* is resolved.  This Court can effect such a result by staying this matter and striking the class allegations under Rule 12(f).

## V. CONCLUSION

For the foregoing reasons, this Court should transfer this action to the Southern District of New York, or, in the alternative, dismiss this action or stay it and strike the Plaintiffs' class allegations.

DATED:  November 8, 2011

Respectfully submitted,

SIDLEY AUSTIN LLP

_____/s/  SARA B. BRODY_____
SARA B. BRODY
sbrody@sidley.com
555 California Street, 19th Floor
San Francisco, CA  94104
Telephone:  (415) 772-1200
Facsimile:  (415) 772-7400

Of Counsel:
Andrew W. Stern *(to be admitted pro hac)*
astern@sidley.com
787 Seventh Avenue
New York, NY  10019
Telephone:  (212) 839-5300
Facsimile:  (212) 839-5599

*Attorneys for Defendants SMART Technologies Inc., Apax Partners, David A. Martin, Nancy L. Knowlton, G.A. Fitch, Salim Nathoo and Arvind Sodhani*

---

[15] Had Plaintiffs wanted to seek Lead Plaintiff status in connection with *McKenna*, nothing would have precluded them from filing a motion (as other Lead Plaintiff candidates did).  But neither Plaintiff ever sought appointment as Lead Plaintiff.

| | |
|---|---|
| 1 | GIBSON, DUNN & CRUTCHER LLP |
| 2 | |
| 3 |           */s/ PAUL J. COLLINS* |
| | PAUL J. COLLINS (SBN 187709) |
| 4 | pcollins@gibsondunn.com |
| | 1881 Page Mill Road |
| 5 | Palo, Alto, CA 94304 |
| | Telephone: (650) 849-5309 |
| 6 | Facsimile: (650) 849-5009 |
| 7 | |
| | *Attorneys for Defendant Intel Corporation* |
| 8 | |

MILBANK, TWEED, HADLEY & MCCLOY LLP


          */s/ JERRY L. MARKS*
JERRY L. MARKS (SBN 135395)
jmarks@milbank.com
601 South Figueroa Street, 30th Floor
Telephone: (213) 892-4550
Facsimile: (213) 892-4750

Of Counsel:
Scott A. Edelman
sedelman@milbank.com
Douglas W. Henkin
dhenkin@milbank.com
One Chase Manhattan Plaza
New York, New York  10005
Telephone:  (212) 530-5100
Facsimile:  (212) 530-5219

*Attorneys for Defendants Morgan Stanley & Co. LLC (f/k/a Morgan Stanley & Co. Inc.), Deutsche Bank AG and RBC Dominion Securities Inc.*

---

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER OR IN THE ALTERNATIVE DISMISS OR STAY THIS ACTION AND STRIKE THE CLASS ALLEGATIONS – Case No. 11 CV 5232**

-15-

SF1 1753187v.3