## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edmond E. Chang | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 583 | **DATE** | 10/14/2011 |
| **CASE TITLE** | McKenna, et al. Vs. Smart Technologies, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion to transfer, R. 41, is granted. This case is transferred to the Southern District of New York.

■[ For further details see text below.]  Docketing to mail notices.

### STATEMENT

Plaintiff Thomas McKenna and Lead Plaintiff City of Miami Retirement Trust have sued SMART Technologies and various company directors and executives, alleging fraud in connection with SMART's July 2010 initial public offering of its common stock. Defendants move to transfer [R. 41] the case to the Southern District of New York, which Defendants argue is a more convenient forum than Illinois. The Court agrees: Illinois has little connection to the case, whereas witnesses and documents relevant to the case are located in New York.

The change of venue statute, 28 U.S.C. § 1404, provides:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

To justify a transfer, the "moving party must show that (1) venue is proper in this district; (2) venue is proper in the transferee district; (3) the transferee district is more convenient for both the parties and witnesses; and (4) transfer would serve the interest of justice." *Gueorguiev v. Max Rave, LLC*, 526 F. Supp.2d 853, 856 (N.D. Ill. 2007) (citation omitted). "The movant has the burden of establishing . . . that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-220 (7th Cir. 1986). There is no question that venue is proper (if not convenient) in Illinois, nor is there any doubt that venue is proper in New York. The interest-of-justice factor, normally turning on issues such as trying related litigation together, ensuring a speedy trial, and having the trial before a judge who is familiar with the applicable law, *Jaramillo v. DineEquity, Inc.*, 664 F. Supp.2d 908, 914 (N.D. Ill. 2009), is a wash in this case where no other cases are pending in Illinois and New York, and federal law will govern. So convenience will control the analysis.

**STATEMENT**

On convenience, New York trumps Illinois. Turning first to the question of the parties' convenience (as distinct from the witnesses' convenience), plaintiffs often bring cases in their home forum, and in those cases, the chosen forum naturally has a convenience point in its favor. But Illinois is not the home forum of either McKenna (he lives in Ohio) or Miami. Although "a defendant invoking *forum non conviens* ordinarily bears a heavy burden in opposing the plaintiff's chosen forum, [w]hen the plaintiff's choice is not its home forum, . . . the presumption . . . applies with less force." *Sinochem*, 549 U.S. at 430 (internal citations and quotations omitted). So the usual deference to home forum does not apply here. To be sure, Defendants do not call New York home. SMART is a Canadian company, 4 individual defendants are Canadian, 2 are Californians, and 1 resides in England. But as discussed below, there are other reasons favoring New York.

Defendants persuasively explain that a number of probable witnesses are located in New York. The underwriters of the IPO had their relevant deal teams comprised of New York and California employees. It is true that Plaintiffs have voluntarily dismissed the underwriter defendants from the case. But the dismissal of the underwriters as formal parties in the case does not dismiss the probable need for discovery from them, discovery both in the form of witnesses and documents. The lead underwriter's employees (from Morgan Stanley) were involved in conducting the due diligence, as well as in drafting the registration statement and prospectus, and some of those Morgan Stanley employees are based in New York. Indeed, all of the United States records relating to the IPO will be found in New York and California. There is little likelihood that any Illinois-based witness or record will bear on the case. SMART's only connection to Illinois (aside from the fact that some class-member investors likely reside here, which could be said of every other State) is a product showroom and training facilities, neither of which bears a connection to the IPO. SMART is not even listed on a Chicago exchange, whereas SMART was listed on the New-York based NASDAQ. This case belongs in New York, not Illinois.

For all these reasons, Defendants' motion to transfer, R. 41, is granted. This case is transferred to the Southern District of New York.