Sara B. Brody (SBN 130222)
SIDLEY AUSTIN LLP
555 California Street, 19th Floor
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400
sbrody@sidley.com

Andrew W. Stern *(to be admitted pro hac)*
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
astern@sidley.com

*Attorneys for Defendants SMART Technologies Inc., Apax Partners, David A. Martin, Nancy L. Knowlton, G.A. Fitch, Salim Nathoo and Arvind Sodhani*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THOMAS E. HARPER and DIANE KEENE, Individually and On Behalf of All Others Similarly Situated,<br><br>  Plaintiffs,<br><br>vs.<br><br>SMART TECHNOLOGIES, INC., DAVID A. MARTIN, NANCY L. KNOWLTON, G.A. FITCH, SALIM NATHOO, ARVIND SODHANI, INTEL CORPORATION, APAX PARTNERS, MORGAN STANLEY & CO. INC., DEUTSCHE BANK AG, and RBC DOMINION SECURITIES INC,<br><br>  Defendants. | Case No. 11 CV 5232 (SBA)<br><br>Assigned to: Hon. Saundra Brown Armstrong<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER THIS ACTION OR IN THE ALTERNATIVE DISMISS OR STAY THIS ACTION AND STRIKE THE CLASS ALLEGATIONS**<br><br>Date: March 13, 2012<br>Time: 1:00 P.M.<br>Place: Courtroom 1, 4th Floor |

**[PROPOSED] ORDER, CASE NO. CV 11 5232 (SBA)**

SF1 1753214v.1

[FIRST ALTERNATIVE]

Having considered Defendants' motion to transfer this action or in the alternative dismiss or stay this action and strike the class allegations, this Court finds that both the first-to-file rule and 28 U.S.C. § 1404(a) support transfer of this action in light of the already pending litigation in the Southern District of New York in which a Lead Plaintiff has already been appointed.

The first-to-file rule allows a district court to transfer, stay, or dismiss an action when a "similar complaint has already been filed in another federal court." *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622 (9th Cir. 1991). "The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." *Church of Scientology of California v. United States Dep't of Army*, 611 F.2d 738, 749 (9th Cir. 1979). The first-to-file rule was developed to "serve[] the purpose of promoting efficiency well and should not be disregarded lightly." *Id*. at 750.

The Ninth Circuit has held that, in applying the first-to-file rule, courts must look to three threshold factors: (1) the order in which the actions were filed; (2) similarity of the parties; and (3) similarity of issues. *Alltrade*, 946 F.2d at 625. If the threshold factors are met, the court should apply the rule unless certain equitable exceptions apply. *Id*. at 628 ("The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping.").

28 U.S.C § 1404(a) also provides an independent mechanism for transfer, separate from the first-to-file rule. *See Alioto v. Hoiles*, No. C 04-1395, 2004 U.S. Dist. LEXIS 21398, *16 (N.D. Cal. Oct. 12, 2004) (finding transfer appropriate under the first-to-file rule but noting that "[t]ransfer is also warranted under 28 U.S.C. § 1404(a)"). A party seeking transfer under § 1404(a) must establish "(1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice." *See Gerin v. Aegon USA, Inc.*, No. C 06-5407, 2007 U.S. Dist. LEXIS 28049, *9-10 (N.D. Cal. Apr. 3, 2007*); see also* § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").

This Court finds that Defendants have satisfied the three *Alltrade* factors and that no equitable exceptions apply. This Court further finds that the 28 U.S.C. § 1404(a) factors independently support transfer. Defendants' motion is therefore granted. This action is to be transferred to the U.S. District Court for the Southern District of New York.

IT IS SO ORDERED.

DATED: _____     _____
THE HON. SAUNDRA BROWN ARMSTRONG
United States District Court Judge

[SECOND ALTERNATIVE]

Having considered Defendants' motion to transfer this action or in the alternative dismiss or stay this action and strike the class allegations, this Court finds that the first-to-file rule supports dismissal in light of the already pending litigation in the Southern District of New York in which a Lead Plaintiff has already been appointed.

The first-to-file rule allows a district court to transfer, stay, or dismiss an action when a "similar complaint has already been filed in another federal court." *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622 (9th Cir. 1991). The remedy is at the court's discretion. *Id*. at 623. "The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." *Church of Scientology of California v. United States Dep't of Army*, 611 F.2d 738, 749 (9th Cir. 1979). The first-to-file rule was developed to "serve[] the purpose of promoting efficiency well and should not be disregarded lightly." *Id.* at 750. The Ninth Circuit has held that, in applying the first-to-file rule, courts must look to three threshold factors: (1) the order in which the actions were filed; (2) similarity of the parties; and (3) similarity of issues. *Alltrade*, 946 F.2d at 625. If the threshold factors are met, the court should apply the rule unless certain equitable exceptions apply. *Id*. at 628 ("The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping.").

This Court finds that Defendants have satisfied the three *Alltrade* factors and that no equitable exceptions apply. Defendants' motion is therefore granted. This action is to be dismissed pursuant to this Court's discretion under the first-to-file rule.

IT IS SO ORDERED.

DATED: _____        _____ _____
                           THE HON. SAUNDRA BROWN ARMSTRONG
                           United States District Court Judge

DEFENDANTS' NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS, CASE NO. 11 CV 5232
-3-
SF1 1753214v.1

1  [THIRD ALTERNATIVE]

2  Having considered Defendants' motion to transfer this action or in the alternative dismiss or
3  stay this action and strike the class allegations, this Court finds that the first-to-file rule supports a
4  stay and that Plaintiffs' class allegations should be stricken pursuant to Rule 12(f) of the Federal
5  Rules of Civil Procedure in light of the already pending litigation in the Southern District of New
6  York in which a Lead Plaintiff has already been appointed.

7  The first-to-file rule allows a district court to transfer, stay, or dismiss an action when a
8  "similar complaint has already been filed in another federal court." *Alltrade, Inc. v. Uniweld*
9  *Products, Inc.*, 946 F.2d 622 (9th Cir. 1991). The remedy is at the court's discretion. *Id*. at 623.
10 "The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to
11 avoid the embarrassment of conflicting judgments." *Church of Scientology of California v. United*
12 *States Dep't of Army*, 611 F.2d 738, 749 (9th Cir. 1979). The first-to-file rule was developed to
13 "serve[] the purpose of promoting efficiency well and should not be disregarded lightly." *Id*. at 750.
14 The Ninth Circuit has held that, in applying the first-to-file rule, courts must look to three threshold
15 factors: (1) the order in which the actions were filed; (2) similarity of the parties; and (3) similarity
16 of issues. *Alltrade*, 946 F.2d at 625. If the threshold factors are met, the court should apply the rule
17 unless certain equitable exceptions apply. *Id*. at 628 ("The circumstances under which an exception
18 to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum
19 shopping.").

20 This Court finds that Defendants have satisfied the three *Alltrade* factors and that no
21 equitable exceptions apply.

22 Additionally, Rule 12(f) authorizes courts to strike from a pleading "any redundant,
23 immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f)
24 motion is "to dispose of spurious issues before trial to avoid the unnecessary expenditure of time and
25 money." *Castaneda v. Fila USA, Inc*., NO. 11-CV-1033, 2011 U.S. Dist. LEXIS 109720, *4 (S.D.
26 Cal. Aug. 10, 2011) (citing *Sidney-Vinstein v. A.H. Robins Co*., 697 F.2d 880, 885 (9th Cir. 1983)).
27 In *Brody v. Homestore, Inc.*, the court dismissed a complaint pursuant to Rule 12(f) where the
28 plaintiff "failed to meet the procedural requirements of the Private Securities Litigation Reform Act

("PSLRA") prior to filing the present action as a class action." CV 02-08068, 2003 U.S. Dist. LEXIS 17267, *8 (C.D. Cal. Aug. 11, 2003). Likewise here, this Court finds that Plaintiffs' class allegations should be stricken for failure to satisfy the procedural requirements of the PSLRA.

Defendants' motion is therefore granted. This action is to be stayed pursuant to this Court's discretion under the first-to-file rule until the resolution of *McKenna v. SMART Technologies, Inc*, 11 CV 7673 (S.D.N.Y. filed Jan. 26, 2011), the first-filed action. Plaintiffs' class allegations are hereby stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: _____  _____
THE HON. SAUNDRA BROWN ARMSTRONG
United States District Court Judge