Sara B. Brody (SBN 130222)
SIDLEY AUSTIN LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Andrew W. Stern *(pro hac application to be submitted)*
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

*Attorneys for Defendants SMART Technologies Inc.,*
*Apax Partners, David A. Martin,*
*Nancy L. Knowlton, G.A. Fitch, Salim Nathoo*
*and Arvind Sodhani*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| THOMAS E. HARPER and DIANNE KEENE, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>vs.<br><br>SMART TECHNOLOGIES INC., DAVID A. MARTIN, NANCY L. KNOWLTON, G.A. FITCH, SALIM NATHOO, ARVIND SODHANI, INTEL CORPORATION, APAX PARTNERS, MORGAN STANLEY & CO. INC., DEUTSCHE BANK AG, and RBC DOMINION SECURITIES INC.,<br><br>          Defendants. | Case No. 11 CV 5232 (SBA)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**<br><br>Date:        March 13, 2012<br>Time:       1:00 p.m.<br>Location:  Courtroom 1, 4th Floor<br><br>Hon. Saundra Brown Armstrong |

# **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ....................................................................................................1

II.  STATEMENT OF ISSUES PRESENTED.............................................................2

III.  STATEMENT OF RELEVANT FACTS ................................................................3

IV.  ARGUMENT ...........................................................................................................4

    A.  SLUSA Was Enacted To Prevent End-Runs Around The PSLRA ........................4

    B.  This Action Was Properly Removed Under SLUSA................................................5

        1.  Federal Courts Have Exclusive Jurisdiction Over "Covered Class Actions" Arising Under The 1933 Act.........................................................5

        2.  Section 22(a)'s Removal Provision Authorizes Removal of This Case ......8

    C.  Plaintiffs' Reliance On *Kircher* Is Misplaced.......................................................11

    D.  The Legislative History Of SLUSA Supports Removal Of This Action...............12

V.  CONCLUSION........................................................................................................15

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Alkow v. TXU Corp.*,
 Nos. 02-CV-2738-K, 02-CV-2739-K, 2003 WL 21056750 (N.D. Tex. May 8, 2003).......9, 10

*Bob Jones Univ. v. United States*,
 461 U.S. 574 (1983)..................................................................................................12

*Brody v. Homestore*,
 240 F. Supp. 2d 1122 (C.D. Cal. 2003) ......................................................9, 10, 14

*California Public Employees' Retirement System v. Worldcom, Inc.*,
 368 F.3d 86 (2d Cir. 2004).......................................................................2, 6, 14

*Davis v. Michigan Dept. of Treasury*,
 489 U.S. 803 (1989)..................................................................................................12

*Hawaii Structural Ironworkers Pension Trust Fund v. Calpine Corp.*,
 No. 03CV0714, 2003 WL 23509312 (S.D. Cal. Aug. 27, 2003)................................7

*In re Fannie Mae 2008 Sec. Litig.*,
 No. 08 Civ. 7831 (PAC), 2009 WL 4067266 (S.D.N.Y. Nov. 24, 2009)..........................7, 10

*In re King Pharms., Inc.*,
 230 F.R.D. 503 (E.D. Tenn. 2004)...............................................................10, 14

*In re Portal Software, Inc. Secs. Litig.*,
 No C-03-5138, 2005 U.S. Dist. LEXIS 41178 (N.D. Cal. Mar. 9, 2005).................................4

*In re Tyco Int'l, Ltd.*,
 322 F. Supp. 2d 116 (D. N.H. 2004)........................................................................7

*In re Waste Management, Inc. Sec. Litig.*,
 194 F. Supp. 2d 590 (S.D. Tex. 2002) ................................................................10

*In re WorldCom Sec. Litig.*,
 293 B.R. 308 (S.D.N.Y. 2003)...............................................................................2, 6

*Kircher v. Putnam Funds Trust*,
 547 U.S. 633 (2006)................................................................................ *passim*

*Knox v. Agria Corp.*,
 613 F. Supp. 2d 419 (S.D.N.Y. 2009)............................................................ *passim*

*Kulinski v. American Elec. Power Co.*,
 No. 02:03-CV-00412, 2003 WL 24032299 (S.D. Ohio Jan. 7, 2004) ............................10, 15

*Lander v. Hartford Life & Annuity Ins. Co.*,
251 F.3d 101 (2d Cir. 2001).................................................................................4

*Lowinger v. Johnston*,
No. 05-316, 2005 WL 2592229 (W.D.N.C. Oct. 13, 2005) ...............................10, 14

*Merrill Lynch, Pierce, Fenner & Smith v. Dabit*,
547 U.S. 71 (2006)..............................................................................................14

*Northumberland County Retirement Sys. v. GMX Res., Inc.*,
No. 11-cv-520, 2011 WL 5578963 (W.D. Ok. Nov. 16, 2011)........................10, 14

*Patenaude v. Equitable Life Assur. Soc'y of the United States*,
290 F.3d 1020 (9th Cir. 2002) ............................................................................4

*Pinto v. Vonage Holding Corp.*,
No. 07-0062 (FLW), 2007 WL 1381746 (D.N.J. May 7 2007)............................10

*Pipefitters Local 522 and 633 Pension Trust Fund v. Salem Comm. Corp.*,
No.CV 05-2730, Civil Minute Order (C.D. Cal. June 28, 2005)..........................7

*Rovner v. Vonage Holdings Corp.*,
No. 07-0178, 2007 WL 446658 (D.N.J. Feb. 7, 2007) ................................9, 10, 15

*Rubin v. Pixelplus Co., Ltd.*,
No. 06-2964, 2007 WL 778485 (E.D.N.Y March 13, 2007). ...........................10, 12

*United States v. Novak*,
476 F.3d 1041 (9th Cir. 2007) ............................................................................9

*Unschuld v. Tri-S Sec. Corp.*,
No. 06- 2931, 2007 WL 2729011 (N.D. Ga. Sept. 14, 2007).........................7, 10

**STATUTES**

15 U.S.C. § 77p.................................................................................................5, 11

15 U.S.C. § 77v(a) .................................................................................... *passim*

15 U.S.C. § 78u-4(a)(3) ....................................................................................3, 4

28 U.S.C. § 1404..............................................................................................3

28 U.S.C. § 1441(a) ........................................................................................4

Securities Act of 1933.................................................................................. *passim*

Securities and Exchange Act of 1934 .........................................................8, 9

**OTHER AUTHORITIES**

105th Cong. 105-85 (1998)........................................................................................................12

143 Cong. Rec. S10475-01 (daily ed. Oct. 7, 1997).............................................................12, 13

144 Cong. Rec. S4778 (daily ed. May 13, 1998)..........................................................................13

H.R. Rep. No. 105-803 (Conf. Rep.) (1998), 1998 WL 703964 ...................................................13

## I.   INTRODUCTION

This case should not be remanded.  Plaintiffs filed this action in the Superior Court of the State of California, County of San Francisco on September 27, 2011, more than eight months after substantively identical federal court actions had been filed and more than three months after the federal court had appointed a Lead Plaintiff to represent the interests of the very same putative class that Plaintiffs here now seek to represent.  The Private Securities Litigation Reform Act of 1995 (the "PSLRA") mandates that class actions under the federal securities laws be run not by lawyers, but by "Lead Plaintiffs" with significant stakes in the claims asserted.  This action is a transparent effort to avoid this congressional directive.  In moving to remand, Plaintiffs seek to exploit what they claim is a loophole that makes class actions asserting violations of *state* securities law removable to federal court but not class actions asserting violations of *federal* securities law.  No such loophole exists because Congress closed it.  Contrary to Plaintiffs' arguments, this action must not be remanded because the state court never had jurisdiction over it in the first place.

Before 1998, state courts had concurrent jurisdiction to hear both individual and class action claims arising under the Securities Act of 1933 ("1933 Act").  Following passage of the PSLRA in 1995, plaintiffs fled en masse to state court in order to avoid the PSLRA's requirements applicable to class actions.  In 1998, in an effort to close the loophole by which plaintiffs had circumvented the PSLRA, Congress enacted the Securities Litigation Uniform Standards Act ("SLUSA"), thereby making federal courts the *exclusive forum* for covered class actions arising under the federal securities laws.

To achieve that goal, Congress amended the "jurisdictional provision" of the 1933 Act to eliminate concurrent state jurisdiction over *covered class actions* – leaving in place the state courts' jurisdiction over only *individual plaintiffs'* 1933 Act claims.  Plaintiffs entirely ignore this amendment.  Plaintiffs' counsel is keenly aware of SLUSA's jurisdictional language, however; indeed, only two years ago, the Southern District of New York in *Knox v. Agria Corp*., 613 F. Supp. 2d 419, 423 (S.D.N.Y. 2009), stymied Plaintiffs' counsel's similar attempt to "exploit" a "narrow reading" of SLUSA to achieve a "bizarre result [that] would shift the center of gravity of federal securities fraud class actions under the 1933 Act from federal to state courts."  Despite having been

1  defeated in *Knox*, Plaintiffs' counsel again seek to evade controlling federal law with an improper

2  state court case.

3      Since the passage of SLUSA, some district courts have struggled with the 1933 Act's

4  "labyrinthine" provisions with respect to removal and, because of a misreading of SLUSA's

5  amendments, have come to the wrong conclusion that SLUSA did not eliminate state court

6  jurisdiction over 1933 Act class action claims.  But the majority of published decisions on this issue

7  hold that removal of putative class claims arising under the 1933 Act is appropriate based on the

8  plain language of the anti-removal provision and Congress's clear intent in passing SLUSA.  Indeed,

9  there is no question that, in enacting SLUSA, Congress did not intend to permit multiple, duplicative

10 class actions under the 1933 Act to proceed at the same time under different rules in federal and state

11 court.  Rather, Congress intended to "close[] this loophole in the PSLRA, and expand[] federal

12 jurisdiction over class actions."  *California Pub. Emps.' Ret. Sys. v. Worldcom, Inc.,* 368 F.3d 86, 98

13 (2d Cir. 2004).  Holdings to the contrary are not controlling in this Court, are illogical, and are

14 irreconcilable with the plain language of the 1933 Act, as amended by SLUSA.

15     Plaintiffs cannot cite to any binding authority to support their untenable position that *federal*

16 *courts* are required to hear *state law* claims while *state courts* are required to hear *federal law* claims

17 about the same issues.  In the absence of such binding precedent, Plaintiffs primarily rely upon

18 unpublished orders from various district courts.  These opinions misconstrue the plain language of

19 SLUSA and Congress's clearly expressed intent and are contrary to the majority of *published*

20 decisions – both within and outside of California – on this issue.  Moreover, Plaintiffs

21 mischaracterize *dicta* in the United States Supreme Court's decision in *Kircher v. Putnam Funds*

22 *Trust*, a case which, on closer inspection, actually supports *Defendants'* position.

23     Because the plain language of SLUSA, its legislative history, and well-reasoned case law all

24 support the common-sense principle that federal courts are the proper venue for putative class

25 actions arising under the federal securities laws, Plaintiffs' Motion to Remand should be denied.

26 **II.     STATEMENT OF ISSUES PRESENTED**

27     Whether the Court should retain jurisdiction over this putative class action asserting claims

28 *exclusively* under the Securities Act of 1933.

1    **III.    STATEMENT OF RELEVANT FACTS**

2            This case is substantially duplicative of a previously-filed class action that has been pending

3    in federal district court for more than ten months.  On January 26, 2011, plaintiff Thomas McKenna

4    filed a putative class action on behalf of the purchasers of the Class A Subordinate Voting Shares of

5    SMART pursuant to SMART's July 20, 2010 initial public offering ("IPO").[1]  (*See* Declaration of

6    Andrew W. Stern ("Stern Decl."), Ex. 1.)  As in the instant complaint, Mr. McKenna asserted claims

7    under the 1933 Act based upon allegations of materially false and misleading statements in the

8    registration statement and prospectus issued in connection with the IPO.  (*See id.*)

9            Neither Mr. Harper nor Ms. Keene sought to be appointed lead plaintiff in the *McKenna*

10   action, nor did their counsel file papers on behalf of any other lead plaintiff candidates.  (*Id.*, Ex. 3).

11   On  June 16, 2011, the *McKenna* court appointed a Lead Plaintiff and approved the Lead Plaintiff's

12   choice of Lead Counsel.  (*See id.,* Ex. 4.)  The *McKenna* court concluded that the Lead Plaintiff had

13   "properly moved the Court for designation as lead plaintiff, has the largest financial interest in this

14   controversy, and typically and adequately represents the purported class."  (*Id.*, Ex. 4 at 1.)  The

15   parties and the district court in *McKenna* proceeded with all of the foregoing activity pursuant to the

16   requirements and timeframes mandated by the PSLRA.  15 U.S.C. § 78u-4(a)(3).

17           On September 27, 2011, approximately eight months after Mr. McKenna filed his original

18   complaint, and three months after the appointment of Lead Plaintiff, Mr. Harper and Ms. Keene filed

19   the instant complaint in the Superior Court of the State of California, County of San Francisco, under

20   Index No. CGC-11-514673.  On October 26, 2011, Defendants timely removed the action to this

21   Court pursuant to 28 U.S.C. § 1441(a) and SLUSA.  On November 9, 2011, Plaintiffs moved to

22   remand this action to state court.

23

24

25

26   [1] Mr. McKenna filed his original complaint in the Northern District of Illinois.  (Stern Decl., Ex. 1.)
     On March 15, 2011, the *McKenna* defendants, including most of the defendants in this matter,
     moved, pursuant to 28 U.S.C. § 1404, to transfer *McKenna* to the Southern District of New York.
27   (*See id.*, Ex. 2.)  Judge Edmond Chang of the Northern District of Illinois agreed that New York was
     the more convenient forum and, on October 14, 2011, granted the motion to transfer.  (*See id.*)
28   *McKenna* is now pending in the Southern District of New York before Hon. Katherine B. Forrest.

## IV.    ARGUMENT

Because SLUSA's plain language and legislative history, as well as simple logic and common sense, make clear that these 1933 Act class claims are removable, Plaintiffs' motion to remand should be denied.

### A.    SLUSA Was Enacted To Prevent End-Runs Around The PSLRA

In 1995, Congress passed the PSLRA "to prevent the filing of frivolous securities class action lawsuits." *Patenaude v. Equitable Life Assur. Soc'y of the United States*, 290 F.3d 1020, 1025 (9th Cir. 2002). The PSLRA amended the 1933 Act to institute, *inter alia*, a number of requirements that a plaintiff must meet in order to be deemed the "most adequate plaintiff . . . to serve as a representative party on behalf of a class" under the 1933 Act. 15 U.S.C. § 78u-4(a)(3). The PSLRA's Lead Plaintiff provisions call for the named plaintiff to "widely announce[] notice of the pendency of any putative securities class action" and also "specifies a procedure for a hearing to appoint th[e] most adequate plaintiff as the lead plaintiff." *In re Portal Software, Inc. Secs. Litig.*, No C-03-5138, 2005 U.S. Dist. LEXIS 41178, at *8-9 (N.D. Cal. Mar. 9, 2005). "It is axiomatic that the lead plaintiff provisions of the PSLRA were designed to improve the quality of representative plaintiffs in securities class actions and vest control of such actions in the plaintiff, rather than the plaintiff's counsel." *Id.*

By 1998, however, it became clear to Congress that many of the goals of the PSLRA were being thwarted. "According to SLUSA's Congressional findings, many class action plaintiffs avoided the stringent procedural hurdles erected by [the] PSLRA by bringing suit in state rather than federal court." *Lander v. Hartford Life & Annuity Ins. Co.*, 251 F.3d 101, 107 (2d Cir. 2001) (citing Pub. L. No. 105-353 §§ 2(1)-(5) (1995)). To "foreclose this alternative" – *i.e.*, close that loophole – "SLUSA mandated that federal court be 'the exclusive venue for class actions alleging fraud in the sale of certain covered securities." *Patenaude*, 290 F.3d at 1025. In contravention of SLUSA's purpose – to prevent the "federal flight" by class action lawyers to state court – Plaintiffs wrongly seek to avoid federal jurisdiction over this action and evade the requirements of the PSLRA.

### B.     This Action Was Properly Removed Under SLUSA

Section 22(a) of the 1933 Act contains two relevant provisions: a "jurisdictional provision" and a "removal provision."  In enacting SLUSA in 1998, Congress amended *both* provisions.  Thus, Section 22(a) now reads in relevant part:

> [Jurisdictional Provision]
>
> The district courts of the United States and the United States court of any Territory shall have jurisdiction of offenses and violations under [the 1933 Act] and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, *except as provided in section 16 [15 U.S.C. § 77p] with respect to covered class actions*, of all suits in equity and actions at law brought to enforce any liability or duty created by [the 1933 Act].
>
> [Anti-removal Provision]
>
> *Except as provided in section 16(c) [15 U.S.C. § 77p(c)]*, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

15 U.S.C. § 77v(a) (amendments in italics).

Plaintiffs ignore the amendment to the first sentence (the jurisdictional provision) and instead focus solely on – and consequently misinterpret – the amendment to the second sentence (the anti-removal provision).  Because the amendment to the jurisdictional provision vests *exclusive* jurisdiction over 1933 Act "covered class actions" with the federal courts, state courts are no longer "court[s] of competent jurisdiction" to hear such claims as set forth in the anti-removal provision.  Accordingly, the anti-removal provision no longer applies to covered class actions brought exclusively under the 1933 Act but, rather, only to individual actions.  Nonetheless, even if the anti-removal provision were deemed to apply, this action still would be removable pursuant to SLUSA's amendment to that provision.

### 1.     Federal Courts Have Exclusive Jurisdiction Over "Covered Class Actions" Arising Under The 1933 Act

Before the enactment of SLUSA, Section 22(a) provided that state and federal courts had concurrent jurisdiction over all 1933 Act claims and such claims filed in state court were not removable.  *See*, *e.g.*, *In re WorldCom Sec. Litig.*, 293 B.R. 308, 325 (S.D.N.Y. 2003).  As amended

by SLUSA, state and federal courts retain concurrent jurisdiction over 1933 Act claims, "*except as provided in [Section 16] with respect to covered class actions*."   15 U.S.C. § 77v(a).  In accordance with this unambiguous language, the only court of appeal that has addressed the removability of 1933 Act claims held that SLUSA "made federal courts the *exclusive venue* for class actions alleging fraud in the sale of certain securities." *California Pub. Emps.' Ret. Sys.,* 368 F.3d at 98 (emphasis added).

The Southern District of New York expanded on the Second Circuit's reasoning in *Knox* and explained the important distinction between (i) the question of whether a state court has jurisdiction over 1933 Act claims in the *first* instance and (ii) the different question of whether a "covered class action" asserting claims under the 1933 Act  filed in state court can be removed under SLUSA's amendment to the 1933 Act's anti-removal provision.  The *Knox* court explained that:

> Section 16 is a labyrinthine provision that includes four subsections referring to 'covered class actions."  However, three of those subsections deal exclusively with state law claims, and do not touch on jurisdiction over 'suits in equity or actions at law brought to enforce any liability or duty created by [the 1933 Act].' . . . That leaves the definitional provision of Section 16 as the only subsection that can breathe meaning into the SLUSA jurisdictional exception.

 613 F. Supp. 2d at 423-24.

The reference to Section 16's definitional provision merely "dispels any potential ambiguity concerning the *scope* of the [jurisdictional] exception," firmly applying it to all "covered class actions." *Id*. at 424.  Thus, the *Knox* court further clarified that:

> The exception in the jurisdictional provision of Section 22(a) *exempts covered class actions raising 1933 Act claims from concurrent jurisdiction*. By excluding these covered class actions from concurrent state and federal jurisdiction, federal courts alone have jurisdiction to hear them. After SLUSA, state courts were no longer 'court[s] of competent jurisdiction' to hear covered class actions raising 1933 Act claims. Thus, the anti-removal provision does not apply to these covered class actions asserting exclusively federal claims. *This is what other courts have overlooked*: because the anti-removal provision only applies to claims brought in a state court of competent jurisdiction, once SLUSA stripped state courts of subject matter jurisdiction over covered class actions raising 1933 Act claims, the reach of the anti-removal provision receded, leaving covered class actions raising 1933 Act claims exclusively for federal courts.

*Id.* at 425 (emphasis added).

The *Knox* court therefore held that "[b]ecause there are no 'state courts of competent jurisdiction' to hear covered class actions asserting 1933 Act claims and because [the plaintiff's] class action is such a covered class action, the anti-removal provision [did] not bar removal" of the action. *Id.* Likewise, here, Plaintiffs' suit is a covered class action asserting 1933 Act claims – a point Plaintiffs do not contest – and the anti-removal provision does not apply because the state court is not a court of competent jurisdiction to hear Plaintiffs' claims.

Plaintiffs assert that *Knox* is an "outlier" and relegate it to a footnote in their brief. (Moving Br. at 10 n. 3). But subsequent decisions have recognized that *Knox* "agreed with the *majority* position." *See In re Fannie Mae 2008 Sec. Litig.*, No. 08 Civ. 7831 (PAC), 2009 WL 4067266 at *2 (S.D.N.Y. Nov. 24, 2009) (emphasis added). Plaintiffs' position is not surprising given that, in *Knox*, the very same Plaintiffs' counsel unsuccessfully made substantially the same arguments that they are making here in opposition to removal. Tellingly, all but one of the cases Plaintiffs cite were decided *before Knox*. Moreover, only one of Plaintiffs' cases even addressed SLUSA's amendment to the 1933 Act's jurisdictional provision.[2] Plaintiffs urge this Court to "overlook" that amendment, but there is no basis for such a limited analysis. Instead, this Court should deny Plaintiffs' motion to remand because (i) SLUSA created an exception to concurrent jurisdiction, making federal courts now the exclusive forum for covered class actions under the 1933 Act; and (ii) Plaintiffs' claims fall squarely within that exception.

---

[2] That case, *Unschuld v. Tri-S Security Corp.*, found the defendants' argument that SLUSA eliminated state court jurisdiction over 1933 Act covered class actions to be "one that would give effect to all the terms of [Section 22]," but ultimately granted remand based upon a misreading of *dicta* from *Kircher*. 06CV-02931, 2007 WL 2729011, at *7, 10 (N.D. Ga. Sept. 14, 2007). Plaintiffs' other cited cases rely solely on Section 22(a)'s anti-removal provision and ignore the jurisdictional provision. *See, e.g.*, *Hawaii Structural Ironworkers Pension Trust Fund v. Calpine Corp.*, No. 03CV0714, 2003 WL 23509312, *2 (S.D. Cal. Aug. 27, 2003) ("Whether this case should be remanded depends on the meaning of [the anti-removal provision]"); *Pipefitters Local 522 and 633 Pension Trust Fund v. Salem Comm. Corp.*, No.CV 05-2730, Civil Minute Order (C.D. Cal. June 28, 2005) (Ex. A to Moving Br.) (finding the anti-removal provision to be the "pertinent language"); *In re Tyco Int'l, Ltd.*, 322 F. Supp. 2d 116, 119 (D. N.H. 2004) (analyzing only SLUSA's amendment to the anti-removal provision and merely mentioning in a footnote that "SLUSA also amended [Section 22(a)'s] concurrent jurisdiction provision to strip state courts of jurisdiction over certain cases that arise under the Securities Act.").

2.       **Section 22(a)'s Removal Provision Authorizes Removal of This Case**

Even if the state court had jurisdiction over Plaintiffs' claims – which it does not – the anti-removal provision, as amended by SLUSA, permits removal because this case is a "covered class action."

Until SLUSA was enacted, the 1933 Act expressly forbade removal of 1933 Act cases filed in state court.  But SLUSA amended Section 22(a), creating an exception to its anti-removal provision, and expressly allowing the removal of class actions arising under the 1933 Act and involving covered securities.  Indeed, Section 22(a)'s anti-removal provision now states that "*[e]xcept as provided in section 16(c)*, no case arising under [the 1933 Act] and brought in any State court of competent jurisdiction shall be removed to any court of the United States."  15 U.S.C. § 77v(a).  Section 16(c), in turn, states that "[a]ny covered class action brought in any State court involving a covered security, as set forth in [section 16(b)], shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).  15 U.S.C. § 77p(c).  Plaintiffs do not dispute that this action is a "covered class action" involving a "covered security," the only two criteria for removal set forth in Section 16(c).

Plaintiffs argue (Moving Br. at 12) that only covered class actions involving state law claims are removable because Section 16(c) refers to Section 16(b), which provides for *preemption* of certain class actions brought under state law.  *See* 15 U.S.C. § 77p(b).  Plaintiffs confuse preemption with removal.  Whether a claim falls within SLUSA's preemptive scope is irrelevant for the purposes of removal because the scope of removal under Section 16(c) is not the same as the scope of claims that are preempted under Section 16(b).  Such a dichotomy is logical because, historically, state and federal courts had concurrent jurisdiction over claims arising under the 1933 Act, whereas federal courts had exclusive jurisdiction over claims arising under the Securities and Exchange Act of 1934 ("Exchange Act").  After Congress passed the PSLRA, plaintiffs started bringing 1933 Act claims in state court but, because they were prohibited from bringing Exchange Act claims in state court, plaintiffs alleged claims under state law analogs to the Exchange Act.  To prevent plaintiffs from pleading around the PSLRA, Congress designed SLUSA to preempt the state law claims that plaintiffs were using in lieu of Exchange Act claims.  There was no need for preemption of 1933 Act

1  claims because such claims historically could be brought in either federal or state court.  Instead,

2  Congress simply made all *class actions* brought under the 1933 Act removable to federal court.

3        Plaintiffs' interpretation also violates a fundamental tenet of statutory construction because

4  it would render SLUSA's amendment of Section 22(a) superfluous.  *See, e.g.*, *United States v.*

5  *Novak*, 476 F.3d 1041, 1048 (9th Cir. 2007) (admonishing that courts must avoid "statutory

6  interpretations that result in superfluous language").  Section 22(a) bars removal of cases "arising

7  under" the 1933 Act, "except as provided in [Section 16(c)]."  15 U.S.C. § 77v(a).  For this

8  exception to have any meaning, it must apply to some subset of cases that actually arise under the

9  1933 Act.  Under Plaintiffs' reading of the statute, however, the exception would apply only to

10  claims arising under state law.  But state law claims do not *arise under the 1933 Act*; they arise

11  under state law.  Had Congress intended to limit removability to state law claims of the type set forth

12  in Section 16(b), then that section, read in conjunction with Section 16(c), would accomplish as

13  much without requiring any amendment to Section 22(a).  *Rovner v. Vonage Holdings Corp.*, No.

14  07-0178, 2007 WL 446658, at *4 (D.N.J. Feb. 7, 2007).  In other words, following Plaintiffs'

15  reading of the statute, SLUSA's amendment to the anti-removal provision of Section 22(a) is devoid

16  of meaning, as the "exception" would apply to no cases.  Such a reading must be rejected.  *See, e.g.*,

17  *Brody v. Homestore*, 240 F. Supp. 2d 1122, 1124 (C.D. Cal. 2003) ("The Court agrees that to

18  interpret § [16(b)-(c)] in the manner suggested by Plaintiff would render the amendments to [Section

19  22(a)] meaningless.");  *Alkow v. TXU Corp.*, Nos. 02-CV-2738-K, 02-CV-2739-K, 2003 WL

20  21056750, at *1 (N.D. Tex. May 8, 2003) ("If [Section 16(c)] applies only to state law claims …

21  then no claims arising under the 1933 Act would be removable, and the exception language in

22  [Section 22(a)] would be meaningless.").

23        Plaintiffs counter that the exception in Section 22(a) does have meaning because it applies

24  to cases brought under *both* the 1933 Act *and* state law.  But Plaintiffs offer no reason to believe that

25  Congress intended Section 22(a) to allow class action complaints raising both federal and state law

26  claims to be removed while seeking to keep class actions raising only federal claims in state court.

27  Such a reading is illogical and is entirely at odds with Congress's intent in passing SLUSA.

28  Moreover, contrary to Plaintiffs' assertion that Defendants rely on "outlier" cases, numerous district

courts have reached this conclusion, including a decision just two weeks ago holding that a "natural and commonsense reading of the statutory provisions in question, in light of the clear statements of Congressional intent in connection with the enactment of SLUSA, leads the Court to conclude that the line of cases . . . relied upon by Defendants is most persuasive . . .[and] that the present case was properly removed to federal court." *Northumberland County Retirement Sys. v. GMX Resources, Inc.*, No. 11-cv-520, 2011 WL 5578963, at *5 (W.D. Ok. Nov. 16, 2011); *see also Brody*, 240 F. Supp. 2d 1122 (holding that 1933 Act claims, standing alone, are removable under SLUSA); *In re Fannie Mae 2008 Sec. Litig.*, 2009 WL 4067266 at *2 (same); *Pinto v. Vonage Holding Corp.*, No. 07-0062 (FLW), 2007 WL 1381746 (D.N.J. May 7 2007) (same); *Rubin v. Pixelplus Co.*, Ltd., No. 06-2964, 2007 WL 778485 (E.D.N.Y March 13, 2007) (same); *Rovner,* 2007 WL 446658 (same); *Lowinger v. Johnston*, No. 05-316, 2005 WL 2592229 (W.D.N.C. Oct. 13, 2005) (same); *In re King Pharms., Inc.*, 230 F.R.D. 503, 505 (E.D. Tenn. 2004) (same); *Alkow*, 2003 WL 21056750 (same); *Kulinski v. American Elec. Power Co.*, No. 02:03-CV-00412, 2003 WL 24032299, at *5 (S.D. Ohio Jan. 7, 2004) (same).

It is true that, despite the plain and unambiguous language of SLUSA, some courts have analyzed only a portion of SLUSA, in isolation, and incorrectly have remanded actions. *See*, *e.g.*, *Unschuld*, 2007 WL 2729011; *In re Waste Management, Inc. Sec. Litig.*, 194 F. Supp. 2d 590, 593 (S.D. Tex. 2002). These decisions have frustrated the underlying purpose of SLUSA by allowing plaintiffs to continue exploiting old loopholes that Congress expressly closed. *See Alkow*, 2003 WL 21056750, at *2 (observing that SLUSA "was drafted precisely to prevent the type of tactics employed by the [plaintiffs] to avoid federal court").

As demonstrated above, the proper reading of Section 22(a) gives meaning to SLUSA's anti-removal amendment by permitting removal of covered class actions brought under the 1933 Act. This Court should thus deny remand even if it were to determine – contrary to the holding in *Knox* – that state courts retain jurisdiction to hear 1933 Act covered class actions that are not removed.

1

### C.   Plaintiffs' Reliance On *Kircher* Is Misplaced

2

Plaintiffs rely heavily on the Supreme Court's decision in *Kircher v. Putnam Funds Trust*,

3

547 U.S. 633 (2006), and assert that courts have followed *Kircher*'s "holding" in finding removal

4

improper under SLUSA.  (Moving Br. at 6.)  But Plaintiffs' reliance on *Kircher* is misplaced and

5

their assertion regarding *Kircher*'s holding is simply wrong.  In *Kircher*, the Supreme Court

6

addressed a single question: the scope of appellate review of remand orders.  *Id*. at 635 ("The

7

question here is whether an order remanding a case removed under [SLUSA] is appealable,

8

notwithstanding § 1447(d). We hold it is not.").  As the *Knox* court explained when Plaintiffs'

9

counsel previously made exactly the same argument that they press here:

10

11

12

13

14

> Because there are no "state courts of competent jurisdiction" to hear covered class actions asserting 1933 Act claims and because [plaintiff's] putative class action is such a covered class action, the anti-removal provision does not bar removal of [plaintiff's] action. *The Supreme Court's dicta in Kircher v. Putnam Funds Trust is not to the contrary.*  In that case, the Supreme Court was previewing the scope of Section 16(c) removal of covered class actions raising state law claims, not the question of removal of covered class actions raising 1933 Act claims.

15

*Knox*, 613 F. Supp. 2d at 425 (emphasis added).

16

Indeed, *Kircher* never addressed the question at issue in this case: whether federal courts

17

have exclusive jurisdiction over "covered class actions" brought solely under the 1933 Act.  Further,

18

the Court in *Kircher* did not address or even mention SLUSA's amendment to the jurisdictional

19

provision of Section 22(a), as analyzed in *Knox*, and whether concurrent jurisdiction of covered class

20

actions under the Securities Act continues to exist following SLUSA.

21

Plaintiffs argue that *Kircher* supports remand because the Supreme Court, in *dicta*, stated

22

that it saw no reason to reject the principle that "removal and jurisdiction to deal with removed cases

23

is limited to those precluded by the terms of [Section 16(b)]."  *Kircher*, 547 U.S. at 643.  But

24

Plaintiffs omit the context for the Court's comment, a thorough reading of which, in fact, supports

25

*Defendants'* position.  The *Kircher* Court found "authorization for [] removal . . . as confined to

26

cases 'set forth in subsection (b)," § 77p(c), namely, *those with claims of untruth, manipulation, and*

27

*so on*."  *Id*. at 642.  The *Kircher* court further stated that the language in Section 16(c) "has no

28

apparent function unless it limits removal to covered class actions involving *claims like untruth or*

*deception*" and that "legislative history tends to show that this was just what Congress understood." *Id*. Thus, the *Kircher* Court did not confine removal to cases "based on state law," as Plaintiffs maintain, but merely to cases involving claims "like untruth or deception." *Id*. Accordingly, in denying remand, the *Rubin* court held that a construction of Section 22(a) permitting removal "not only better harmonizes [Section 16(c)] with [Section 22(a)], *it is also entirely consistent with the Supreme Court's reading of [Section 16(c)] in Kircher*." *Rubin*, 2007 WL 778485 at \*4 (emphasis added). Citing *Kircher*, the *Rubin* court found that "construction of the removal provision strongly suggests that removal is not limited to state law causes of action, as plaintiff argues here, but rather only to securities class actions that involve 'claims of untruth, manipulation and so on.'" *Id*. (quoting *Kircher*, 547 U.S. at 642). Because the complaint in this putative securities class action indisputably attempts to allege claims of untruth and manipulation, the Supreme Court's reading of Section 16(c) in *Kircher* supports removal in this case.

### D.      The Legislative History Of SLUSA Supports Removal Of This Action

Because SLUSA's plain language unambiguously authorizes defendants to remove putative 1933 Act class claims filed in state court, the Court need not refer to SLUSA's legislative history to decide Plaintiffs' Motion. *See e.g.*, *Davis v. Michigan Dept. of Treasury*, 489 U.S. 803, 808 n.3 (1989) ("Legislative history is irrelevant to the interpretation of an unambiguous statute."). Nonetheless, SLUSA's legislative history – which makes clear that the purpose of SLUSA was to "make[] Federal court *the exclusive venue for securities class actions*"[3] – compels the same conclusion. Secs. Litig. Unif. Standards Act:  Hearing on the Fin. and Hazardous Materials Subcomm. of the H. Commerce Comm., 105th Cong. 105-85 (1998) (comments of Rep. Thomas J. Bliley, Jr.) (emphasis added). "What [SLUSA] is all about is simply to realize the intent of the [PSLRA]. It does this by making sure that class action suits with securities that are traded on the three major securities trading exchanges in our country have to be subject to the rules that we passed

---

[3] Indeed, Congress's intent to permit removal of actions like this one is so clear that even if a literalist reading of the statute barred removal – which, as demonstrated above, it does not – this Court should still find in favor of removability. *See Bob Jones Univ. v. United States*, 461 U.S. 574, 586 (1983) ("It is a well-established canon of statutory construction that a court should go beyond the literal language of a statute if reliance on that language would defeat the plain purpose of the statute.").

last time and *have to go to federal court*."  *Id.* (comments of Rep. Rick White) (emphasis added); *see also* 143 Cong. Rec. S10475-01, 10476 (daily ed. Oct. 7, 1997) (comments of co-sponsor Senator Graham) ("in the case of class-action suits . . . if a stock is traded on the national market . . . then the class-action suit has to be filed in Federal court").  Indeed, Congress's clear motivation in passing SLUSA was to make federal courts the *exclusive* forum for securities law class actions.  *See* H.R. Rep. No. 105-803 (Conf. Rep.) (1998), 1998 WL 703964, at *13 ("The purpose of this title is to prevent plaintiffs from seeking to evade the protections that Federal law provides against abusive litigation by filing suit in State, rather than in Federal, court"); 144 Cong. Rec. S4778, S4797 (daily ed. May 13, 1998) ("Without removal authority, these companies, whose securities are traded throughout the fifty states, could face liability *under federal securities laws in fifty state courts*.") (comments of Sen. Diane Feinstein, co-sponsor) (emphasis added).

SLUSA's Findings provision further confirms Congress's intent to move all securities class actions, regardless of the basis of the claims, to federal court.  That provision states:

> The Congress finds that—
>
> 1) the Private Securities Litigation Reform Act of 1995 sought to prevent abuses in private securities fraud lawsuits;
>
> 2) since enactment of that legislation, considerable evidence has been presented to Congress that a number of securities class action lawsuits have shifted from Federal to State courts;
>
> 3) this shift has prevented that Act from fully achieving its objectives;
>
> 4) State securities regulation is of continuing importance, together with Federal regulation of securities, to protect investors and promote strong financial markets; and
>
> 5) in order to prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate the objectives of the Private Securities Litigation Reform Act of 1995, *it is appropriate to enact national standards for securities class action lawsuits involving nationally traded securities*, while preserving the appropriate enforcement powers of State securities regulators and not changing the current treatment of individual lawsuits.

Pub. L. No. 105-353, 112 Stat. 3227 § 2 (emphasis added).

The Second Circuit recognized that reading SLUSA to encompass all "covered class actions" – including those raising 1933 Act claims – was necessary to achieve these goals:

1
2
3
4

> SLUSA was enacted after it became evident that the PSLRA had not achieved its purpose.  The PSLRA was ineffective in eliminating "strike suits" in large part because plaintiffs were able to avoid its strictures by bringing suit in state rather than federal courts.  SLUSA, which made federal court the exclusive venue for class actions alleging fraud in the sale of certain securities, closed this loophole in the PSLRA, and expanded federal jurisdiction over class actions.

5   *California Pub. Emps.' Ret. Sys.*, 368 F.3d at 98.

6   As the *Brody* court noted, Plaintiffs' argument that "SLUSA meant to authorize removal

7   only of securities litigation brought pursuant to state law" "is simply irreconcilable" with the goals

8   expressed in these Findings.  *See Brody*, 240 F. Supp. 2d at 1124.  Indeed, Plaintiffs' interpretation

9   would lead to an "anomalous result," "making purely state law securities class action suits

10   removable to federal court . . . but requiring securities class actions brought in state court and

11   asserting purely federal claims to remain in state court, subject to the diverse procedural regimes of

12   the various states.  Such a result is directly contrary to the stated intent of Congress."  *See*

13   *Northumberland County,* 2011 WL 5578963, at *4.  Reading SLUSA in this manner encourages

14   plaintiffs to "proceed under the PSLRA radar" and would reopen the loophole that SLUSA closed.

15   *See Knox*, 613 F. Supp. 2d at 423;  *California Pub. Emps.' Ret. Sys.*, 368 F.3d at 98.

16   Moreover, adopting Plaintiffs' construction of SLUSA in this case would result in

17   concurrent, duplicative litigation that would "squarely conflict[] with the congressional preference

18   for 'national standards for securities class action lawsuits involving nationally traded securities.'"

19   *Merrill Lynch, Pierce, Fenner & Smith v. Dabit*, 547 U.S. 71, 86-87 (2006); *see also In re King*

20   *Pharms., Inc.*, 230 F.R.D. at 505 ("[I]f the Court were to remand the movants' class actions [raising

21   1933 Act claims], there would be concurrent class actions in state and federal court asserting

22   substantially similar claims. This could lead to considerable confusion if not outright inconsistent

23   results.").  Thus, "the legislative history and common sense" compel the conclusion that covered

24   class actions filed in state court asserting claims exclusively under the 1933 Act are removable.  *See,*

25   *e.g., Northumberland County,* 2011 WL 5578963, at *4; *Rovner*, 2007 WL 446658, at *5 ("[T]he

26   plain language of the statute, coupled with the legislative history and a healthy dose of common

27   sense compel the conclusion that this class action, which alleges only federal '33 Act claims, was

28   removable."); *Lowinger*, 2005 WL 2592229, at *5 (quoting legislative history and holding that

1  "there is no question" removal of '33 Act claims "is consistent with Congress' express intention");

2  *Kulinski*, 2003 WL 24032299, at *4 ("Plaintiff's interpretation, that SLUSA and the relative case

3  law only authorize the removal of causes of action based on state law, is inconsistent with the

4  congressional findings, legislative history, and the language of the amendment itself."). This Court

5  should reach the same conclusion and deny Plaintiffs' motion.

6  **V.    CONCLUSION**

7          For all of the foregoing reasons, the Defendants respectfully request that Plaintiffs' Motion

8  to Remand be denied in its entirety.

9   Dated:    December 2, 2011                    Respectfully submitted,
10                                               SIDLEY AUSTIN LLP

11

12                                       _____
                                              */s/  SARA B. BRODY*
13                                       SARA B. BRODY (SBN 130222)
                                         sbrody@sidley.com
14                                       555 California Street, 19th Floor
                                         San Francisco, CA  94104
15                                       Telephone:  (415) 772-1200
                                         Facsimile:  (415) 772-7400
16

17                                       Of Counsel:
                                         Andrew W. Stern
18                                       astern@sidley.com
                                         787 Seventh Avenue
19                                       New York, NY  10019
                                         Telephone:  (212) 839-5300
20                                       Facsimile:  (212) 839-5599
21

22                                       *Attorneys for Defendants SMART Technologies*
                                         *Inc., Apax Partners, David A. Martin, Nancy L.*
23                                       *Knowlton, G.A. Fitch, Salim Nathoo*
                                         *and Arvind Sodhani*
24

25

26

27

28

1

2

GIBSON, DUNN & CRUTCHER LLP

3

_____/s/ PAUL J. COLLINS_____

4

PAUL J. COLLINS (SBN 187709)
pcollins@gibsondunn.com

5

1881 Page Mill Road
Palo Alto, CA 94304

6

Telephone: (650) 849-5309
Facsimile: (650) 849-5009

7

8

Jonathan C. Dickey (SBN 88226)
jdickey@gibsondunn.com

9

200 Park Avenue
New York, NY 10166

10

Telephone: (212) 351-2399
Facsimile: (212) 351-6399

11

12

*Attorneys for Defendant Intel Corporation*

13

MILBANK, TWEED, HADLEY & MCCLOY
LLP

14

15

_____/s/ JERRY L. MARKS_____

16

JERRY L. MARKS (SBN 135395)
jmarks@milbank.com

17

601 South Figueroa Street, 30th Floor
Telephone: (213) 892-4550

18

Facsimile: (213) 892-4750

19

20

Of Counsel:
Scott A. Edelman

21

sedelman@milbank.com
Douglas W. Henkin

22

dhenkin@milbank.com
One Chase Manhattan Plaza

23

New York, New York  10005
Telephone:  (212) 530-5100

24

Facsimile:  (212) 530-5219

25

*Attorneys for Defendants Morgan Stanley & Co.*

26

*LLC (f/k/a Morgan Stanley & Co. Inc.), Deutsche
Bank AG and RBC Dominion Securities Inc.*

27

28