# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edmond E. Chang | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 583 | **DATE** | 6/16/2011 |
| **CASE TITLE** | Thomas McKenna, et al. Vs. Smart Technologies, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Motion [4] of the SMT Institutional Investors for appointment as lead plaintiff is denied. Motion [8] of the City of Miami General Employees' and Sanitation Employees' Retirement Trust for appointment as lead plaintiff and approval of its selection of lead counsel is granted.

■ [ For further details see text below.]                                                                                      Notices mailed by Judicial staff.

## STATEMENT

On January 26, 2011, Thomas McKenna filed a securities class action in this District on behalf of purchasers of common stock of SMART Technologies in connection with the company's July 2010 Initial Public Offering (IPO). R. 1 ¶ 1. McKenna alleges violations of §§ 11 and 15 of the Securities Act of 1933. Before the Court are motions of the SMT Institutional Investors (SMT), which is a group of investors, and the City of Miami General Employees' and Sanitation Employees' Retirement Trust (Miami), R. 4, 8. The respective motions seek appointment as lead plaintiff. Because Miami has properly moved the Court for designation as lead plaintiff, has the largest financial interest in this controversy, and typically and adequately represents the purported class, its motion for appointment as lead plaintiff, R. 8, is granted. SMT's motion, R. 4, is denied. Further, Bernstein Litowitz Berger & Grossman LLP (Bernstein) is appointed lead counsel because the firm is sufficiently experienced and qualified to serve as lead counsel.

Both Miami and SMT timely moved to be appointed counsel and lead plaintiff. McKenna did not ask to be lead plaintiff. R. 40, 5. Miami claims to have suffered the largest individual loss of any investor—approximately $259,000, R. 10, 6. SMT does not dispute that Miami has suffered a larger loss than it has. R. 34 at 2. Moreover, SMT does not oppose Miami's motion. *Id.* at 2 (describing their response to Miami's motion for lead plaintiff as a "notice of non-opposition").

### STANDARD OF REVIEW

The procedure for selecting a lead plaintiff is established by statute. 15 U.S.C. § 77z-1. The "plaintiff or plaintiffs" that file the initial action must first publish a notice to the class within twenty days informing potential class members of their right to file a motion for appointment as lead counsel. § 77z-1(a)(3)(A)(i). Within sixty days of that publication any member of the proposed class may apply to be appointed lead plaintiff. § 77z-1(a)(3)(A)(i)(II). The court then appoints as lead plaintiff the person or group of persons that

**STATEMENT**

the court determines to be most capable of adequately representing the interests of the class members. § 77z-1(a)(3)(B)(i). The statute creates a rebuttable presumption that the most adequate plaintiff is the person or group of persons that: (1) either has filed the complaint or made a motion in response to a notice; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23. Id. § 77z-1(a)(3)(B)(iii).

## DISCUSSION

**I.     Lead Plaintiff**

Miami has met all of the requirements of the statute's rebuttable presumption, and no party has attempted to rebut the presumption. Accordingly, its motion for appointment as lead plaintiff is granted.

### A.     Motion and Timeliness

The deadline to file motions for appointment of lead counsel were triggered by a publication of notice in a separate, but related action in the United States District Court for the Southern District of New York—the action has since been voluntarily dismissed, but the deadline still governs the present action. R. 40 at 4. Miami and SMT agree that a December 3, 2010 publication of notice in the New York action satisfied the publication requirement of 15 U.S.C. § 77z-1(a)(B)(iii)(aa). R. 40 at 4. Further, neither party disputes that both Miami and SMT filed their motions within the statutorily-provided window. R. 34, R. 36. Accordingly, Miami fulfills the first element of the rebuttable presumption.

### B.     Financial Interest

To determine which plaintiff has the largest financial interest, courts look to the plaintiff with the greatest net loss during the proposed class period. *See, e.g., Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) (to determine financial interest, "most courts simply determine which potential lead plaintiff has suffered the greatest total losses") (internal citations omitted; discussing an identical statute, 15 U.S.C. § 78u-4). The parties agree that Miami has suffered the largest loss—$259,385.11. R. 34, 2. Thus, Miami satisfies the second element of the rebuttable presumption.

### C.     Rule 23 Typicality and Adequacy

The initial Rule 23 analysis focuses on "whether the movant has made a prima facie showing of typicality and adequacy." *See Cendant*, 264 F.3d 201, 263 (3d Cir. 2001) (discussing § 78u-4). This "threshold determination of whether the movant with the largest financial losses satisfies the typicality and adequacy requirements" to establish a rebuttable presumption "should be made by the court's independent judgment" and "need not be extensive." *Bang v. Acura Pharmaceuticals, Inc.*, 2011 WL 91099, at *3 (N.D. Ill.) (quoting *In re Cendant Corp. Litigation*, 264 F.3d at 263-264).

#### 1.     Typicality

A moving party satisfies Rule 23's typicality requirement if the circumstances on which its losses are based are typical of those of the class. Fed. R. Civ. P. 23(a); *Bang*, 2011 WL 91099, at *4 (citing *Eichenholtz v. Verifone Holdings, Inc*, 2008 WL 3925289, *11 (N.D. Cal. August 22, 2008) (typicality met where movant purchased securities during class period at prices allegedly artificially inflated by defendants' materially false

**STATEMENT**

and misleading statements and movant suffered damages as a result)). Here, Miami provides detailed information regarding its purchase and sale of SMART Technologies' stock during the IPO and a chart detailing its net losses as a result. R. 11, Exh. B. Therefore, Miami has satisfied the threshold inquiry into typicality.

    2.    **Adequacy**

A moving party satisfies Rule 23's adequacy requirement if it will fairly and adequately protect the interest of the class. Fed R. Civ. P. 23(a). Courts consider whether the moving party "has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class." *Cendant*, 264 F.3d at 265 (internal citations omitted); *Bang*, 2011 WL 91099, at *4. The adequacy inquiry includes consideration of the moving party's interests, whether their selected class counsel is qualified, and whether the choices made by the movant "are so deficient as to demonstrate that it will not fairly and adequately represent the interests of the class." *Cendant*, 264 F.3d at 266 (adequacy requirement may not be met where moving party selects plainly incapable legal counsel or negotiated a clearly unreasonable fee agreement with chosen counsel); *Bang*, 2011 WL 91099, at *4. In making the threshold adequacy determination for a group of investors as lead plaintiff, courts should also consider the size of the group and its functionality. *Bang*, 2011 WL 91099, at *4. Here, Miami is not a group, but a single entity that will provide uniform representation of the class. Further, Miami has selected Bernstein as its lead counsel. Bernstein Litowitz served as co-lead counsel in several cases, including *In re WorldCom, Inc. Securities Litigation*, No. 02-CV-3288 (DLC) (S.D.N.Y.). This experience, among others, leads the Court to conclude that the proposed lead counsel is adequate and experienced. As such, Miami has made a prima facie showing of adequacy.

**CONCLUSION**

Miami has satisfied all of the requirements to create a rebuttable presumption to serve as lead plaintiff. Miami has made a timely motion, it has suffered the largest financial loss, and it is an adequate and typical plaintiff capable of representing the class. No party has even attempted to rebut that presumption. Moreover, as noted above, Bernstein is an experienced firm capable of serving as lead counsel. Thus, for the reasons stated, the Court denies SMT's motion, R. 4, and grants Miami's motion to appoint counsel and lead plaintiff, R. 8.