Sara B. Brody (SBN 130222)
SIDLEY AUSTIN LLP
555 California Street, 19th Floor
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400
sbrody@sidley.com

Andrew W. Stern *(pro hac application to be submitted)*
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
astern@sidley.com

*Attorneys for Defendants SMART Technologies Inc., Apax Partners, David A. Martin, Nancy L. Knowlton, G.A. Fitch, Salim Nathoo and Arvind Sodhani*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THOMAS E. HARPER and DIANE KEENE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SMART TECHNOLOGIES, INC., DAVID A. MARTIN, NANCY L. KNOWLTON, G.A. FITCH, SALIM NATHOO, ARVIND SODHANI, INTEL CORPORATION, APAX PARTNERS, MORGAN STANLEY & CO. INC., DEUTSCHE BANK AG, and RBC DOMINION SECURITIES INC.,<br><br>Defendants. | Case No. 11 CV 5232 (SBA)<br><br>**[PROPOSED] ORDER DENYING PLAINTIFFS' MOTION TO REMAND**<br><br>Date: March 13, 2012<br>Time: 1:00 P.M.<br>Location: Courtroom 1, 4th Floor<br><br>Hon. Saundra Brown Armstrong |

1   Having considered Plaintiffs' Motion to Remand, this Court finds that this action was
2   properly removed pursuant to the Securities Litigation Uniform Standards Act ("SLUSA").
3   In 1998, Congress passed SLUSA, which amended the "jurisdictional provision" of Section
4   22(a) of the Securities Act of 1933 ("1933 Act") to eliminate concurrent jurisdiction by state courts
5   over covered class actions. *See Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 425 (S.D.N.Y. 2009).
6   Plaintiffs' putative class action indisputably is such a covered class action. Thus, because Plaintiffs'
7   claims may be heard only by a federal court, it follows that this action was properly removed hereto.
8   In addition, this Court agrees with the majority of published decisions that have held that
9   SLUSA amended the "anti-removal" provision of Section 22(a) expressly to allow the removal of
10  class actions arising under the 1933 Act and involving covered securities. *See, e.g.*, *Brody v.*
11  *Homestore*, 240 F. Supp. 2d 1122, 1124 (C.D. Cal. 2003). Thus, this action was properly removed
12  even if the Court were to disregard Section 22(a)'s "jurisdictional provision" and focus solely on its
13  "anti-removal" provision.
14  Finally, although not necessary to this Court's holding, it should be noted that SLUSA's
15  legislative history compels the same conclusion. *See Rovner v. Vonage Holdings Corp.*, No. 07-
16  0178, 2007 WL 446658, at *5 (D.N.J. Feb. 7, 2007) ("[T]he plain language of the statute, coupled
17  with the legislative history and a healthy dose of common sense compel the conclusion that this class
18  action, which alleges only federal '33 Act claims, was removable.")
19  Plaintiffs' motion is therefore denied.

IT IS SO ORDERED.

DATED: _____     _____
                          THE HON. SAUNDRA BROWN ARMSTRONG
                          United States District Court Judge