1  SCOTT+SCOTT LLP
   ANNE L. BOX (224354)
2  707 Broadway, Suite 1000
   San Diego, CA 92101
3  Telephone:  (619) 233-4565
   Facsimile:  (619) 233-0508
4

5     – and –

6  Joseph P. Guglielmo
   500 Fifth Avenue, 40th Floor
7  New York, NY 10110
   Telephone:  (212) 223-6444
8  Facsimile:  (212) 223-6334

9
   *Counsel for Plaintiffs Thomas E. Harper*
10  *and Dianne Keene*

11                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
12                       SAN FRANCISCO DIVISION

13
   THOMAS E. HARPER and DIANNE KEENE,          No.  4:11-cv-05232-SBA
14 Individually and On Behalf of All Others Similarly
   Situated
15                                             PLAINTIFFS' REPLY IN FURTHER
                              Plaintiffs,      SUPPORT OF MOTION TO REMAND
16
17        vs.                                  DATE:   March 13, 2012
                                               TIME:   1:00 p.m.
18 SMART TECHNOLOGIES INC., DAVID A.           DEPT:   Courtroom 1, 4th Floor
   MARTIN, NANCY L. KNOWLTON, G.A.
19 FITCH, SALIM NATHOO, ARVIND SODHANI,        Hon. Saundra Brown Armstrong
   INTEL CORPORATION, APAX PARTNERS,
20 MORGAN STANLEY & CO. INC., DEUTSCHE
   BANK AG, and RBC DOMINION SECURITIES,
21 INC.

22                            Defendants.

23

24

25

26

27

28

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION TO REMAND

# TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................................1

II.   STATEMENT OF ISSUES TO BE PRESENTED ..............................................2

III.  STATEMENT OF RELEVANT FACTS ..............................................................2

IV.   ARGUMENT .........................................................................................................3

     A.    The Plain Language of SLUSA Precludes Removal of Plaintiffs' 1933 Act Claims ..........................................................................................................3

     B.    This Action Was Improperly Removed Under Ninth Circuit Precedent .................5

     C.    State Courts Continue to Have Concurrent Jurisdiction over Cases Asserting Only 1933 Act Claims ..............................................................6

     D.    *Knox v. Agria* Does Not Represent the Majority Position on Whether Cases Asserting Exclusively 1933 Act Claims Are Removable..............................8

     E.    SLUSA's Legislative History Also Shows Congress Did Not Intend to Strip State Courts of Concurrent Jurisdiction ..........................................9

V.    CONCLUSION.....................................................................................................11

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

CASES

4

*Breuer v. Jim's Concrete of Brevard, Inc.*,
  538 U.S. 691 (2003)...................................................................................................4

5

*California Pub. Emps.' Ret. Sys. v. Worldcom, Inc.*,
  368 F.3d 86 (2d Cir. 2004)........................................................................................4

6

7

*Connecticut Nat'l Bank v. Germain*,
  503 U.S. 249 (1992) ...................................................................................................3

8

9

*Countrywide Fin. Corp v. Luther*,
  No. 11-572, 2011 WL 5295222 (Dec. 5, 2011) .........................................................2

10

*Kircher v. Putnam Funds Trust*,
  547 U.S. 633 (2006)............................................................................................4, 6, 7

11

12

*Knox v. Agria Corp.*,
  613 F. Supp. 2d 419 (S.D.N.Y. 2009) .......................................................................8

13

14

*Luther v. Countrywide Fin. Corp.*,
  195 Cal. App. 4th 789 (2011) ...........................................................................1, 3, 8

15

*Madden v. Cowen & Co.*,
  576 F.3d 957 (9th Cir. 2009) ..........................................................................1, 5, 6, 7

16

17

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*,
  541 U.S. 71 (2006) .....................................................................................................5

18

19

*Northumberland County Retirement Sys. v. GMX Resources, Inc.*,
  No. 11-cv-520, 2011 WL 5578963 (W.D. Okla. Nov. 16, 2011) ..............................8

20

*Patenaude v. Equitable Life Assur. Soc'y of the United States*,
  290 F.3d 1020 (9th Cir. 2002) ...................................................................................4

21

22

*Proctor v. Vishay Intertechnology, Inc.*,
  584 F.3d 1208 (9th Cir. 2009) ...................................................................................5

23

24

25

26

27

28

## STATUTES

15 U.S.C.

§ 77k(a) .................................................................................................................4, 5
§ 77k(e) ....................................................................................................................2
§ 77p ...............................................................................................................6, 7, 8
§ 77p(a)-(d) .............................................................................................................7
§ 77p(b) .........................................................................................................passim
§ 77p(c) ............................................................................................................1, 5, 7
§ 77p(c) .........................................................................................................passim
§ 77p(f)(2) ...............................................................................................................8
§ 77p(f)(2)(A) .........................................................................................................7
§ 77v(a) ...........................................................................................................passim
§ 78bb(f)(1) ..............................................................................................................5
§ 77bb(f)(2) ..........................................................................................................5, 8
§ 78j(b) ....................................................................................................................9

17 C.F.R.

§ 240.10b-5 .............................................................................................................9

Pub. L. No. 105-353, 112 Stat. 3227 (1998) ....................................................6, 10

## OTHER AUTHORITIES

H.R. Conf. Rep. No. 105-803 ..................................................................................8

## I.      INTRODUCTION

Cases asserting claims solely under the Securities Act of 1933 (the "1933 Act") as amended by SLUSA, are not removable.  Only cases asserting class action claims based upon state securities laws are removable.  This interpretation is consistent with Congress's intent in enacting SLUSA – to bar securities class actions based upon state law.

While defendants claim that allowing cases asserting only federal 1933 Act claims to remain in state court is an absurd result, this is not so because since 1933, plaintiffs have had the statutory right to proceed under the federal 1933 Act in state court.  The primary purpose of SLUSA was to preclude securities class actions based upon state law from proceeding in either state or federal court.  Therefore, the fact that the 1933 Act post-SLUSA continues to allow plaintiffs to proceed in state court is far from an absurd result and it is altogether unremarkable that Congress chose to continue to allow state courts concurrent jurisdiction over 1933 Act claims, even class claims.[1]

Ninth Circuit precedent confirms that Plaintiffs may proceed with their 1933 Act claims in state court.  In *Madden v. Cowen & Co.,* 576 F.3d 957 (9th Cir. 2009), the Ninth Circuit interpreted the impact of SLUSA's amendments to the 1933 Act's removal bar, 15 U.S.C. §77v(a), §77p(b) and (c).  The Ninth Circuit held only claims that are precluded from being maintained by §77p(b) are removable to federal court under §77p(c).  And the Ninth Circuit confirmed that only actions based upon state law are precluded.  Accordingly, state courts retain concurrent jurisdictions over 1933 Act claims such as those brought forth in the present case and those claims are not precluded.

California state appellate precedent also confirms this result.  Most recently, in *Luther v. Countrywide Fin. Corp.,* 195 Cal. App. 4th 789 (2011), California's Court of Appeal for the Second District reinstated a complaint that asserted 1933 Act claims in state court, confirming that SLUSA

---

[1]    In the introduction of their opposition to the motion for remand ("Defs.' Opp."), Defendants claim that "Plaintiffs cannot cite to any binding authority to support their untenable position that *federal courts* are required to hear *state law* claims while *state courts* are required to hear *federal law* claims about the same issues."  This statement mischaracterizes Plaintiffs' argument that the 1933 Act provided for concurrent jurisdiction between state and federal courts.  Plaintiffs do not contend that federal courts are required to hear state law claims, only that SLUSA provides that class action securities claims based on state law are removable to federal court.

1  did not remove the concurrent jurisdiction of state courts over 1933 Act claims.  The defendants in

2  *Luther* appealed the decision to the California Supreme Court, which denied review.  (review denied

3  Sept. 14, 2011).  The decision was also appealed to the United States Supreme Court which denied

4  *certiorari.  Countrywide Fin. Corp v. Luther,* No. 11-572, 2011 WL 5295222 (Dec. 5, 2011).  If the

5  Supreme Court sought to foreclose plaintiffs' ability to proceed in state courts under the 1933 Act, it

6  could have easily done so by taking the appeal and overturning *Luther*.

7      In this case, Plaintiffs assert only federal claims under the 1933 Act.  These federal claims

8  are not precluded and, therefore, are not removable from state court.  Accordingly, the Court should

9  grant Plaintiffs' motion to remand.[2]

10 **II.    STATEMENT OF ISSUES TO BE PRESENTED**

11     Whether this action, which asserts claims solely under the Securities Act of 1933, should be

12 remanded to state court.

13 **III.    STATEMENT OF RELEVANT FACTS**

14     On September 27, 2011, Plaintiffs Thomas Harper and Dianne Keene filed a state court class

15 action complaint in California Superior Court, County of San Francisco, alleging violations of the

16 Securities Act of 1933.  The complaint was filed against Defendants Smart Tech, the individuals

17 who signed the registration statements, as well as Intel Corporation, Apax Partners, Morgan Stanley

18 & Co. Inc., Deutsche Bank AG, and RBC Dominion Securities Inc.  Although a federal class action

19 complaint was filed on January 26, 2011 asserting securities law violations against Defendant Smart

20 Tech and several individual directors of Smart Tech, the present action contained substantively

21 different allegations, and different defendants, than the federal complaint and also took into account

22 damages suffered by the second drop in Smart Tech stock on May 19, 2011.  (*See, e.g.*, Section 11(e)

23 of the 1933 Act: Measure of damages shall represent the difference between the price paid for the

24 security and the value thereof as of the time such suit was brought.  15 U.S.C. §77k(e)).  This action

25

26 [2]   For the reasons set forth in Plaintiffs' Memorandum in Opposition to Defendants' Motion to
27 Transfer (*see* ECF No. 23 at 3-7), which are incorporated herein by reference, the Court should
   decide Plaintiffs' remand motion prior to determining the Defendants' motion to transfer.

28

1    takes into account all claims concerning 1933 Act violations from the time of the Initial Public

2    Offering until the complaint was filed in September 2011.  The federal action, originally filed in

3    January 2011 and amended on November 4, 2011 to add defendants Intel Corporation and Apax

4    Partners and to conform their claims to those asserted in this action cannot take into account

5    damages sustained by investors after the date the federal complaint was originally filed.  *Id.*

6         Defendants removed this case to federal court on October 26, 2011 and filed a Motion to

7    Transfer the case to the Southern District of New York on November 8, 2011.  Plaintiffs moved to

8    remand this action on November 9, 2011.

9    **IV.    ARGUMENT**

10        **A. The Plain Language of SLUSA Precludes Removal of Plaintiffs' 1933 Act
              Claims**

11        The plain language of SLUSA and the 1933 Act allows for only one conclusion: complaints

12   that allege any claims based on state law – even if they also include 1933 Act claims – are removable

13   to federal court.  Conversely, where, as here, a 1933 Act case that is properly filed in state court and

14   does not assert claims "based on the statutory or common law of any State," SLUSA §77p(b) does

15   not allow for, and the §77v(a) 1933 Act expressly prohibits removal of that the action.  The statutory

16   provisions of the 1933 Act as amended by SLUSA compel the conclusion that remand is required

17   here.  Remand of the 1933 Act claims to state court is clearly the majority view among those federal

18   courts that have considered the issue, and it is the only result that is consistent with the plain

19   language of the 1933 Act as amended by SLUSA itself.

20        On its face, SLUSA limits removal to class actions "based upon the statutory or common law

21   of any State or subdivision thereof."  15 U.S.C. §77p(b).  Nothing in Defendants' opposition can

22   alter the clear and unambiguous limitations on removal set forth under SLUSA.  "'[I]n interpreting a

23   statute a court should always turn first to one, cardinal canon before all others … courts must

24   presume that a legislature says in a statute what it means and means in a statute what it says there …

25   When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry

26   is complete.'"  *Luther* 195 Cal. App. 4th at 794 (quoting *Connecticut Nat'l Bank v. Germain,* 503

27   U.S. 249, 253-54 (1992)).

28

1    The "state law" limitation in §77p(b) is incorporated into §77p(c) – SLUSA's removal

2    provision – which provides that "[a]ny covered class action brought in any State court involving a

3    covered security, *as set forth in subsection (b) of this section,* shall be removable to the Federal

4    district court for the district in which the action is pending, and *shall be subject to subsection (b) of*

5    *this section.*"  15 U.S.C. §77p(c).[3]  It is not contested that this action asserts claims arising solely

6    under the 1933 Act.  It is therefore not removable under §77p(c), and thus does not fall within the

7    limited exception to the 1933 Act's anti-removal provision.  15 U.S.C §77v(a).

8    Defendants' reading of the statute would eliminate the concurrent state and federal court

9    jurisdiction and render the statute's anti-removal bar superfluous – which runs counter to principles

10   of statutory interpretation and violates that clear purpose of the amendments to the 1933 Act, as

11   evidenced by the plain language of the statute.[4]  *See, e.g., Kircher v. Putnam Funds Trust,* 547 U.S.

12   633, 642-43 (2006)(explaining that "[W]e see no reason to reject the straightforward reading [of

13   SLUSA §77p(c)]: removal and jurisdiction to deal with removed cases is limited to those precluded

14   by the terms of subsection (b) ….[I]f we did read the removal power that broadly there would be no

15   point to the phrase 'as set forth in subsection (b)'") *Breuer v. Jim's Concrete of Brevard, Inc.,* 538

16   U.S. 691, 696-97 (2003) (stating that the anti-removal provision in the 1933 Act is an "indisputable

17   prohibition of removal" that Congress set forth in "unmistakable terms").

18   If Congress sought to eliminate plaintiffs' ability to file cases asserting claims solely under

19   the 1933 Act in state courts, it would have expressly amended the 1933 Act to either eliminate the

20

21   [3]    Unless otherwise noted, all emphasis is added and citations are omitted.

22   [4]    Significantly, Defendants' proposition that "SLUSA mandated that federal court be 'the
     exclusive venue for class actions alleging fraud in the sale of certain covered securities,'" is
23   inapplicable to this action.  The case cited for this proposition (*California Pub. Emps.' Ret. Sys. v.
     Worldcom, Inc.,* 368 F.3d 86 (2d Cir. 2004)), unlike this matter, specifically alleges fraud in the sale
24   of securities.  Plaintiffs make no allegation of fraud in the sale of securities against Defendants, and
     instead bring strict liability claims that the registration statement contained an untrue statement of
25   material fact or omitted to state a material fact required to be stated.  *See* Complaint ¶1, Section
     11(a) of the 1933 Act, 15 U.S.C. §77k(a).  Further, *Patenaude v. Equitable Life Assur. Soc'y of the
26   United States,* 290 F.3d 1020 (9th Cir. 2002) is wholly inapplicable as most of the analysis dealt with
     the bankruptcy code.  In *Worldcom,* the securities allegations were deemed to be "related to" a
27   bankruptcy case and thus were properly removed under the bankruptcy removal statute.  *Worldcom,*
     368 F.3d 86.

28

1  concurrent jurisdiction language in section 77k(a) or the removal bar in section 77v(a).  Congress

2  has not done so, and definitely did not do so when it enacted SLUSA.

3  **B.     This Action Was Improperly Removed Under Ninth Circuit Precedent**

4           Defendants argue that §77v(a) of the 1933 Act, which bars removal of cases brought in state

5  court, does not apply to this action which asserts only federal claims.  This action, however, is

6  subject to §77v(a) and is therefore not removable.  Under §77v(a), an action is not removable unless

7  it falls within the exception provided by §77p(c).  And Ninth Circuit precedent confirms that those

8  exceptions do not apply to this action.

9           In *Madden,* 576 F.3d 957, the Ninth Circuit explained removal under the 1933 Act and,

10 particularly, how §77p(b) and §77p(c) interact.  First, §77p(b) generally precludes certain class

11 actions from being maintained in any state or federal court by any party when specific threshold

12 requirements are met.  *Madden* enumerated these requirements as follows:

13               [An] action will fall within SLUSA's preclusion provision if the
                 action is (1) a "covered class action" (2) "***based upon the statutory or***
14               ***common law" of any state*** (3) being maintained by "any private
                 party," and if the action alleges (4) either "an untrue statement or
15               omission of material fact" or "that the defendant used or employed
                 any manipulative or deceptive device or contrivance" (5) "in
16               connection with the purchase or sale" (f) of a "covered security." 15
                 U.S.C. §77p(b).

17
18 *Id.* at 965.  Accordingly, under the 1933 Act, if a claim does not meet all the requirements, such as

19 not being based on state law, it is not precluded and may be brought in state or federal court under

20 §77p(b).[5]  If the claim does meet all the threshold requirements, then it is precluded from being

21

22

23 [5]     Similarly, in *Proctor v. Vishay Intertechnology, Inc.,* 584 F.3d 1208 (9th Cir. 2009), decided two
24 months after *Madden,* the Ninth Circuit confirmed a threshold requirement for removability under
   SLUSA: that the claim must be "based upon the statutory or common law of any State…." *Id.* at
25 1221 n.11 (quoting 15 U.S.C. §77bb(f)(1)).  While *Proctor* analyzed the impact of SLUSA upon the
   Securities Exchange Act of 1934, it noted that SLUSA amended the 1933 Act "in substantially
26 identical ways." *Proctor,* 584 F.3d at 1213 n.1 (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc.
   v. Dabit,* 541 U.S. 71, 82 n.6 (2006)).  Indeed, the sections regarding removability in the Securities
27 Exchange Act of 1934 are nearly identical to the 1933 Act.  *Compare* 15 U.S.C. §§77p(b) & (c) *with*
   15 U.S.C. §§78bb(f)(1)&(2).

28

1   brought in state court.[6]

2       *Madden* then explained how §77p(c) (Removal of covered class actions) interacts with

3   §77p(b) (Class action limitation):

4           To prevent actions precluded by SLUSA from being litigated in
            state court, SLUSA authorizes defendants to remove such actions to
5           federal court, effectively ensuring that federal courts will have the
            opportunity to determine whether a state action is precluded. As the
6           Supreme Court has explained, any suit removable under SLUSA's
            removal provision, §77p(c), is precluded under SLUSA's preclusion
7           provision, §77p(b), ***and any suit not precluded is not removable.***

8   *Id.* 576 F.3d at 964-65 (citing *Kircher*, 547 U.S. at 644).  *Madden* continued, "if a federal court

9   determines that an action is not precluded, it 'has no jurisdiction to touch the case on the merits, and

10  the proper course is to remand to the state court that can deal with it.'"  *Madden,* 576 F.3d at 965

11  (quoting *Kircher,* 547 U.S. at 644).

12      Thus, *Madden* rejects the notion that removal under §77p(c) encompasses claims precluded

13  by §77p(b).  Therefore, the phrase "as set forth in subsection (b) "in §77p(c) incorporates the

14  requirement that the claim be based upon state law.  *Madden* also supports Plaintiffs' interpretation

15  of *Kircher*.  Moreover, *Madden's* interpretation of §77p(b) and §77p(c) is entirely consistent with

16  Congress' stated purpose in enacting SLUSA which was "to limit the conduct of securities class

17  actions under State law."  *See* Pub. L. No. 105-353, 112 Stat. 3227 (1998).

18      Because Plaintiffs assert only federal claims, they are not precluded by §77p(b) from

19  bringing theses claims in state court and, therefore, the claims are not removable under §77p(c).  *See*

20  *Madden,* 576 F.3d at 964-65.  Accordingly, the Court should grant Plaintiffs' motion for remand.

21      **C.    State Courts Continue to Have Concurrent Jurisdiction over Cases
             Asserting Only 1933 Act Claims**

22
23      Defendants also argue that SLUSA amended §77v(a) of the 1933 Act to eliminate concurrent

24  jurisdiction in state courts for all covered class actions. (Defs.' Opp. at 6).  While SLUSA added the

25  language under §77v(a) "except as provided in §77p of this title with respect to covered class action"

26  _____

27  [6]   It was the increase in the number of securities class actions based upon state law following
    passage of the Private Securities Litigation Reform Act of 1995 that prompted Congress to enact
    SLUSA.  Through SLUSA, Congress barred most securities class actions based upon state law.

28

1    to limit the concurrent jurisdiction of state courts with respect to securities class actions claims based

2    on state law, it did not eliminate concurrent jurisdiction for class actions alleging only federal claims

3    under the 1933 Act.  Class actions alleging only federal claims brought in state court are not

4    precluded by SLUSA.

5          The flaw in Defendants' argument is that it requires the Court to isolate §77p(f)(2)(A)'s

6    definition of "covered class action" from the rest of §77p.  But that is not how Congress wrote

7    §77v(a), and ignoring whole portions of statutory sections is not how the Supreme Court instructs

8    courts to interpret statutes.  *See Kirchner,* 547 U.S. at 643 (courts "do not read statutes in little

9    bites").

10          Instead, §77v(a) refers to all of §77p and not just the subsection (f)(2)(A)'s definition of

11    covered class actions.  Thus, this Court must review all of §77p and not just the one subsection

12    Defendants find supportive of their argument.  In particular, because the phrase "except as provided

13    in Section 77p of this title with respect to covered class action" limits the concurrent jurisdiction of

14    state courts, the Court should look to the subsections that fulfill the function of limiting state court

15    concurrent jurisdiction.

16          Two subsections of §77p fit most naturally and logically with the exception to state court

17    concurrent jurisdiction carved out by SLUSA's amendment of §77v(a). They are subsections 77p(b)

18    and 77p(c).  As explained by *Madden,* §77p(b) precludes covered class actions ***based upon state law***

19    alleging an "untrue statement or omission of material fact" or the use of "any manipulative or

20    deceptive device or contrivance" "in connection with the purchase or sale of a covered security." 576

21    F. 3d at 965.  §77p(c) allows for the removal to federal court of covered class actions precluded by

22    §77p(b), *i.e.,* those based upon state law.  In contrast, section 77p(f) simply provides the definitions

23    for subsections 77p(a)-(d); it does not provide any limitations to the concurrent jurisdiction of

24    section 77v(a).  Defendants' argument wholly ignores the rest of §77p.  This interpretation of

25    §77v(a) is also entirely consistent with Congress's intent in enacting SLUSA – to bar state-law class

26    actions – and gives meaning to each provision of §77v(a).

27

28

1

2

### D.   *Knox v. Agria* Does Not Represent the Majority Position on Whether Cases Asserting Exclusively 1933 Act Claims Are Removable

In their opposition, Defendants repeatedly cite to *Knox v. Agria Corp.,* 613 F. Supp. 2d 419 (S.D.N.Y. 2009), and to the ruling as "agreeing with the majority position" that 1933 Act claims, such as those asserted here, are removable.  Defs.' Opp. at 7.  The *Knox* ruling, however, is not universally accepted.  *Luther,* 195 Cal. App.4th at 798 (collecting cases).

*Knox* also suffers from flawed logic.  *Knox* deemed the statutory reference in section 77p to be a reference to a definition of "covered class action" in section 77p(f)(2).  *Luther*, 195 Cal.App.4th at 797.  But instead of "analyzing the application of the other parts of section 77p, *Knox* found that those subsections were irrelevant to the analysis because they dealt exclusively with state law claims."  *Id.*  Then, *Knox* exempted all covered class actions from concurrent jurisdiction based on the definition of covered class action.  *Luther,* 195 Cal. App. 4th at 797-98.  "In other words, *Knox* ignored the verb in the statute, and reached its conclusion by looking only at the noun."  *Luther,* 195 Cal. App. 4th at 798.

*Knox* and comparable cases suffer from yet another flaw.  These cases came to their conclusions because "no other rule is consistent with what they perceive as legislative intent."  *Id.* *Knox* cited a conference report (H.R. Conf. Rep. No. 105-803) stating that, in enacting SLUSA, Congress intended to make the federal courts the exclusive venue for most securities class actions. *Id.  Knox* then incorrectly reasoned that ***all*** securities class actions must be removable[7] and "any other reading would make no sense."  *Luther,* 195 Cal. App. 4th at 798-99.  "However, an intent to prevent ***certain*** class actions does not tell us that this class action, or all securities class actions must be brought in federal court."  *Id.* (Emphasis in original).

---

[7]   The case cited by Defendants, *Northumberland County Retirement Sys. v. GMX Resources, Inc.*, No. 11-cv-520, 2011 WL 5578963 (W.D. Okla. Nov. 16, 2011), quotes the same conference report as *Knox*, and makes the same illogical leap that ***all*** securities class actions are removable.

**E.    SLUSA's Legislative History Also Shows Congress Did Not Intend to Strip State Courts of Concurrent Jurisdiction**

Finally, Defendants are wrong about SLUSA's legislative history.  Indeed, their legislative history argument stems from comments made by individual members of Congress, who cannot speak for the entire House or Senate.  If the members of Congress whose comments are cited by Defendants truly wished for federal courts to be the exclusive venue for securities class actions, they would have added the necessary language to eliminate the 1933 Act's concurrent jurisdiction and removal bar.

SLUSA was passed three years after the Private Securities Litigation Reform Act of 1995 ("PSLRA").  The PSLRA imposed certain heightened pleading requirements in cases alleging securities fraud under the Securities Exchange Act of 1934.  Importantly, the heightened pleading requirements do not apply to the strict liability and negligence claims that investors may assert under the 1933 Act.  Instead, the heightened pleading requirements of the PSLRA applied only to the securities fraud claims set forth in the Securities Exchange Act of 1934.

Following passage of the PSLRA, investors began filing securities fraud claims under Blue Sky Laws in state court to evade the new pleading requirements.  To close the perceived loophole, Congress passed SLUSA.  This is why "class action limitation" language in section 77p(c) of the 1933 Act tracks the language of Section 10(b) of the Securities Exchange Act of 1934:

Class action limitations

No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging -

    **(1)** *an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or*

    **(2)** *that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.*

15 U.S.C. §77p(b).

This is the same language used in section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5.  Those are the seminal provisions under which a plaintiff can bring a claim for *securities fraud.  See* 15 U.S.C. §78j(b); 17 C.F.R. §240.10b-5.

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION TO REMAND

9

1    Thus, the language that Defendants cite refers to an investor's use of state Blue Sky Laws to

2    file a securities fraud suit that would otherwise be brought under the Securities Exchange Act of

3    1934 to evade the PSLRA's heightened pleading requirements.[8]  It absolutely does not stand for the

4    proposition that Congress intended to eliminate the concurrent state and federal court jurisdiction

5    provisions that remained in the 1933 Act, or to eliminate the anti-removal bar for stand-alone 1933

6    Act claims.  This interpretation is consistent with other parts of the legislative history, which are

7    discussed in Plaintiff's Motion to Remand and Memorandum in Support Thereof.  (*See* ECF No.14

8    at 12-14).

9    The Findings provision of SLUSA, quoted by Defendants, contradicts Defendants' argument

10   and demonstrates the distinction between strict liability and negligence claims under the 1933 Act

11   and suits alleging fraud under the Securities Exchange Act of 1934.  The key sections of the

12   Findings provision state:

13   The Congress finds that -

14   1)  the Private Securities Litigation Reform Act of 1995 sought to prevent abuses in private
         securities *fraud* lawsuits;

15                                    * * *

16

17   5)  in order to prevent certain State private securities class action lawsuits alleging ***fraud***
         from being used to frustrate the objectives of the Private Securities Litigation Reform
18       Act of 1995, it is appropriate to enact national standards for securities class action
         lawsuits involving nationally traded securities, while preserving the appropriate
19       enforcement powers of State securities regulators and not changing the current treatment
         of individual lawsuits.

20   Pub. L. 105-353, 112 Stat. 3227 §2.

21   Thus, the Findings provision of SLUSA further supports Plaintiffs' position that this case is

22   not removable and should be remanded to state court.

23

24

25   [8]  Specifically, Defendants refer to the following: "'What [SLUSA] is all about is simply to realize
     the intent of the [PSLRA].  It does this by making sure that class action suits with securities that are
26   traded on the three major securities trading exchanges have to be subject to the rules that we
     passed last time and have to go to federal court.'" and "The purpose of this title is to prevent
27   plaintiffs from seeking to evade the protections that Federal law provides against abusive litigation
     by filing suit in State, rather than in Federal court."  *See* Defs.' Opp. at 12-13.

28

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION TO REMAND               10

1
## V.     CONCLUSION

2       It is for these reasons, and the reasons set forth in the Plaintiffs' memorandum in support of

3 remand, that this action be remanded to California Superior Court, County of San Francisco.

4

5 DATED: December 16, 2011                    Respectfully submitted,
                                            SCOTT+SCOTT LLP

6
                                             /s/ Anne L. Box
7                                           ANNE L. BOX (224354)
                                            707 Broadway, Suite 1000
8                                           San Diego, CA 92101
                                            Telephone:  (619) 233-4565
9                                           Fax:  (213) 985-1278
                                            abox@scott-scott.com
10
                                                  – and –
11
                                            DAVID R. SCOTT
12                                          P.O. Box 192
                                            156 South Main Street
13                                          Colchester, CT  06415
                                            Telephone:  860-537-3818
14                                          Facsimile:  860-537-4432
                                            drscott@scott-scott.com
15
                                            *Counsel for Plaintiffs Thomas E. Harper and Dianne*
16                                          *Keene*

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>CERTIFICATE OF SERVICE</u>

2          I hereby certify that on December 16, 2011, I caused the foregoing to be electronically filed

3    with the Clerk of the Court using the CM/ECF system which will send notification of such filing to

4    the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused

5    the foregoing document or paper to be mailed via the United States Postal Service to the non-

6    CM/ECF participants indicated on the Manual Notice List.

7

8                                              /s/ Anne L. Box
                                               ANNE L. BOX (224354)
9                                              707 Broadway, Suite 1000
                                               San Diego, CA 92101
10                                             Telephone:  (619) 233-4565
                                               Fax:  (213) 985-1278
11                                             abox@scott-scott.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28