1  Sara B. Brody (SBN 130222)
   SIDLEY AUSTIN LLP
2  555 California Street, 19th Floor
   San Francisco, California  94104
3  Telephone:  (415) 772-1200
   Facsimile:  (415) 772-7400
4  sbrody@sidley.com

5  Andrew W. Stern *(pro hac vice application pending)*
   SIDLEY AUSTIN LLP
6  787 Seventh Avenue
   New York, NY  10019
7  Telephone:  (212) 839-5300
   Facsimile:  (212) 839-5599
8  astern@sidley.com

9  *Attorneys for Defendants SMART Technologies Inc.,*
   *Apax Partners, David A. Martin,*
10 *Nancy L. Knowlton, G.A. Fitch, Salim Nathoo*
   *and Arvind Sodhani*

11

12 [Additional Counsel Listed on Signature Page]

13               UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15                    OAKLAND DIVISION

16 THOMAS E. HARPER and DIANE KEENE,    ) Case No. 11 CV 5232 (SBA)
   Individually and On Behalf of All Others )
17 Similarly Situated,                   ) Assigned to: Hon. Saundra Brown Armstrong
                                         )
18          Plaintiffs,                  ) **DEFENDANTS' REPLY MEMORANDUM**
                                         ) **IN FURTHER SUPPORT OF THEIR**
19          v.                           ) **MOTION TO TRANSFER THIS ACTION**
                                         ) **OR, IN THE ALTERNATIVE, TO DISMISS**
20 SMART TECHNOLOGIES, INC., DAVID A.    ) **OR STAY THIS ACTION AND STRIKE**
   MARTIN, NANCY L. KNOWLTON, G.A.       ) **THE CLASS ALLEGATIONS**
21 FITCH, SALIM NATHOO, ARVIND           )
   SODHANI, INTEL CORPORATION, APAX      ) Date:      March 13, 2012
22 PARTNERS, MORGAN STANLEY & CO.        ) Time:      1:00 P.M.
   INC., DEUTSCHE BANK AG, and RBC       ) Place:     Courtroom 1, 4th Floor
23 DOMINION SECURITIES INC,              )
                                         )
24          Defendants.                  )
                                         )
25 _____)

26

27

28

---

**DEFENDANTS' REPLY MEM. IN SUPPORT OF MOTION TO TRANSFER OR IN THE ALTERNATIVE TO**
**DISMISS OR STAY THIS ACTION AND STRIKE THE CLASS ALLEGATIONS – CASE NO. 11 CV 5232**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................... 1

II.     ARGUMENT............................................................................................................ 2

      A.      THE COURT HAS THE POWER TO, AND SHOULD, GRANT
DEFENDANTS' MOTION TO TRANSFER WITHOUT RULING ON
PLAINTIFFS' MOTION TO REMAND .................................................... 2

           1.      This Court Has Jurisdiction To Resolve The Transfer Motion......................... 2

           2.      This Court Has the Power to Transfer This Action Irrespective of
Whether It Has Jurisdiction Over Plaintiffs' Claims ....................................... 3

           3.      This Court Should Transfer This Action And Allow The New York
District Court to Determine Plaintiffs' Motion To Remand ............................. 6

      B.      THE COURT SHOULD GRANT DEFENDANTS' MOTION TO
TRANSFER UNDER THE FIRST-TO-FILE RULE AND SECTION
1404(a) ..................................................................................................... 7

           1.      The First-To-File Rule Requires Transfer of This Action ............................... 7

           2.      Section 1404(a) Requires Transfer of this Action ........................................... 9

III.    CONCLUSION..................................................................................................... 10

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**CASES**

4

*Allied Signal Recovery Trust v. Allied Signal Inc.*,
     298 F.3d 263 (3d Cir. 2002)............................................................................................6

5

6

*Alltrade, Inc. v. Uniweld Products, Inc.*,
     946 F.2d 622 (9th Cir. 1991) .......................................................................................8, 9

7

8

*Alpern v. UtiliCorp United, Inc.*,
     84 F.3d 1525 (8th Cir. 1996) ...........................................................................................9

9

*Alvarez v. Ltd. Express*,
     No. 70-CV-10510, 2007 WL 2317125 (C.D. Cal. Aug. 8, 2007)...............................5

10

11

*Beecher v. Able*,
     435 F. Supp. 397 (S.D.N.Y. 1975)...................................................................................9

12

*Burse v. Purdue Pharma Co.*,
     No. C-04-594 SC & C-04-713, 2004 WL 1125055 (N.D. Cal. May 3, 2004) ....................5, 10

13

14

*Cohn v. Oppenheimerfunds, Inc.*,
     No. 09-cv-1656, 2009 U.S. Dist. LEXIS 106749 (S.D. Cal. Nov. 12, 2009).........................10

15

16

*Conroy v. Fresh Del Monte Produce, Inc.*,
     325 F. Supp. 2d 1049 (N.D. Cal. 2004) ...........................................................................7

17

18

*Doubletree Partners, L.P. v. LandAmerica Am. Title Co.*,
     No. 08-CV-1547-0, 2008 WL 5119599 (N.D. Tex. Dec. 3, 2008)...........................................4

19

*Friedman v. Purdue Pharma Co.*,
     No. Civ. 04-0404, 2004 WL 1376383 (D. Ariz. June 2, 2004) ............................................5

20

*Gerin v. Aegon USA, Inc.*,
     No. C 06-5407 SBA, 2007 U.S. Dist. LEXIS 28049 (N.D. Cal. Apr. 3, 2007) .......................7

21

22

*Gould v. Nat'l Life Ins. Co.*,
     990 F. Supp. 1354 (M.D. Ala. 1998) ...............................................................................4

23

24

*Grubbs v. GE Credit Corp.*,
     405 U.S. 699 (1972)..........................................................................................................2

25

*Huntsman Corp. v. Int'l Risk Ins. Co.*,
     No. 08-CV-029, 2008 WL 1836384 (E.D. Tex. Apr. 22, 2008)............................................4

26

27

*In re LimitNone, LLC*,
     551 F.3d 572 (7th Cir. 2008) ...........................................................................................4

28

*In re Vital Link Lodi, Inc.*,
   240 B.R. 15 (Bankr. W.D. Mo. 1999)...................................................................................4

*Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*,
   544 F. Supp. 2d 949 (N.D. Cal. 2008) ................................................................................9

*Johnson v. Am. Online, Inc.*,
   No. C-01-21083, 2002 WL 1268397 (N.D. Cal. Mar. 21, 2002) ........................................5

*Koster v. Lumbermens Mutual Cas. Co.*,
   330 U.S. 518 (1947)..........................................................................................................10

*Luther v. Countrywide Home Loans Servicing LP*,
   533 F.3d 1031 (9th Cir. 2008) ............................................................................................5

*Lynn v. Purdue Pharma Co.*,
   No. Civ. 04-0300, 2004 WL 1242765 (D.N.M. June 7, 2004) ...........................................4

*Medlock v. HMS Host USA, Inc.*,
   No. CV F 10-2167, 2010 WL 5232990 (E.D. Cal. Dec. 16, 2010) .....................................8

*Menowitz v. Brown*,
   991 F.2d 36 (2d Cir. 1993)..................................................................................................7

*Mutafyan v. Armenian Gen. Benevolent Union*,
   235 Fed. Appx. 404 (9th Cir. 2007)....................................................................................2

*Pacific Car & Foundry Co. v. Pence*,
   403 F.2d 949 (9th Cir. 1968) ............................................................................................10

*Peak v. Green Tree Fin. Serv. Corp.*,
   No. C 00-0953, 2000 WL 973685 (N.D. Cal. July 7, 2000)...............................................8

*Public Employees' Retirement System of Mississippi v. Stanley*,
   605 F. Supp. 2d 1073 (C.D. Cal. 2009) ........................................................................2, 6, 7

*Regions Bank v. Wieder & Mastroianni, P.C.*,
   170 F. Supp. 2d 436 (S.D.N.Y. 2001)................................................................................8

*Rosas v. Raytheon Aircraft Co.*,
   No. 06-cv-184, 2007 WL 1520992 (S.D. Tex. May 21, 2007)............................................8

*Ruhrgas AG v. Marathon Oil Co.*,
   526 U.S. 574 (1999)............................................................................................................3

*Rumohr v. Comerica Bank*,
   No. C 11-1706, 2011 WL 2437415 (N.D. Cal. June 17, 2011) ....................................3, 4, 9

*San Francisco Tech., Inc. v. Glad Prods. Co.*,
   No. 10-cv-00966, 2010 U.S. Dist. LEXIS 83681 (N.D. Cal. July 19, 2010) ..........................4

*Save Power Ltd. v. Syntek Fin. Corp.*,
121 F.3d 947 (5th Cir. 1997) .................................................................................................8

*Seely v. Cumberland Packing Corp.*,
No. 10-cv-02019, 2010 U.S. Dist. LEXIS 137625 (N.D. Cal. Dec. 20, 2010).........................4

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*,
549 U.S. 422 (2007)..................................................................................................3, 4, 5

*Smith v. Mail Boxes, Etc.*,
191 F. Supp. 2d 1155 (E.D. Cal. 2002).................................................................................5

*Stewart v. May Dep't Store Co.*,
No. Civ. A 02-2772, 2002 WL 31844906 (E.D. La. Dec. 12, 2002)........................................4

*Van Dusen v. Barrack*,
376 U.S. 612 (1964).............................................................................................................9

*Villarreal v. Chrysler Corp.*,
No. C-95-4414, 1996 WL 116832 (N.D. Cal. Mar. 11, 1996) .................................................5

*West Palm Beach Police Pension Fund v. Cardionet, Inc.*,
No. 10-CV-711, 2011 WL 1099815 (S.D. Cal. Mar. 24, 2011) ...........................................4, 5

**STATUTES**

15 U.S.C. § 77a...............................................................................................................2, 5

28 U.S.C. § 1404.......................................................................................................... passim

28 U.S.C. § 1407..................................................................................................................5

28 U.S.C. § 1447..................................................................................................................4

**OTHER AUTHORITIES**

16-107 Moore's Federal Practice § 107.41 .............................................................................6

1

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.      INTRODUCTION**

3       Ignoring recent Supreme Court precedent and considerable authority from this Circuit that

4  directly contradicts their argument, Plaintiffs Harper and Keene spend more than half of their

5  opposition memorandum trying to convince the Court that it lacks subject matter jurisdiction to

6  decide Defendants' motion to transfer before ruling on Plaintiffs' motion to remand.  This is wrong

7  as a matter of law.  This Court has jurisdiction over Plaintiffs' claims, which indisputably arise under

8  the federal securities laws, irrespective of Plaintiffs' assertion that removal was improper.  But even

9  if it did not, the Court still would have the power to transfer this action to the Southern District of

10  New York ("SDNY") without first deciding Plaintiffs' motion to remand because a decision to

11  transfer pursuant to 28 U.S.C. § 1404(a) is *not* a decision "on the merits" that first requires a

12  jurisdictional determination.  Indeed, in the interests of judicial economy this Court should transfer

13  this action to the SDNY and allow that court to determine Plaintiffs' motion to remand.

14       In the remainder of their opposition memorandum, Plaintiffs argue half-heartedly that the

15  "first-to-file" rule and Section 1404(a) do not require transfer of this action to the SDNY.  Again,

16  Plaintiffs ignore binding precedent and advance arguments that lack any support and defy common

17  sense.  At bottom, Plaintiffs cannot escape the following indisputable facts: (i) this action asserts

18  identical claims, on behalf of an identical putative class, against a nearly identical list of defendants

19  as the previously filed *McKenna* action; (ii) another federal district judge already has appointed a

20  Lead Plaintiff to prosecute the same claims Plaintiffs assert here and determined that the SDNY is a

21  more convenient forum for the parties and likely witnesses in this action; and (iii) allowing this

22  action to proceed in federal or state court in California would subvert the express goals of the Private

23  Securities Litigation Reform Act ("PSLRA"), give rise to significant duplication of judicial and

24  party resources, and present a real danger of conflicting adjudications.  Notably, Plaintiffs'

25  opposition makes no effort to excuse, or even explain, their transparent attempts to evade the

26  PSLRA and violate the principles and policies underlying the statute's Lead Plaintiff provisions.

27  Plaintiffs' silence speaks volumes and underscores the need for transfer of this action.

28

**DEFENDANTS' REPLY MEM. IN SUPPORT OF MOTION TO TRANSFER OR IN THE ALTERNATIVE TO DISMISS OR STAY THIS ACTION AND STRIKE THE CLASS ALLEGATIONS – CASE NO. 11 CV 5232**

-1-

1    In sum, Plaintiffs' opposition confirms that the Court should transfer this action under the

2    "first-to-file" rule and Section 1404(a) to the SDNY, where it can be consolidated with the *McKenna*

3    Action.   In the alternative, the Court should dismiss this action, or stay it and strike the class

4    allegations.

5    **II.    ARGUMENT**

6
**A.    THE COURT HAS THE POWER TO, AND SHOULD, GRANT DEFENDANTS' MOTION TO TRANSFER WITHOUT RULING ON**
7    **PLAINTIFFS' MOTION TO REMAND**

8    Plaintiffs argue that this Court may not resolve Defendants' motion to transfer because the

9    Court does not have jurisdiction over this matter until it decides Plaintiffs' motion to remand.  Under

10    well established and controlling precedent, however, this Court clearly has subject matter

11    jurisdiction over claims brought under the *federal* Securities Act of 1933 ("1933 Act").  But even if

12    it did not, "[a] decision to transfer for inconvenient forum is not a decision on the merits and

13    therefore does not require a finding of jurisdiction."  *Public Employees' Retirement System of*

14    *Mississippi v. Stanley*, 605 F. Supp. 2d 1073, 1075 (C.D. Cal. 2009) (citation omitted).

15    **1.    This Court Has Jurisdiction To Resolve The Transfer Motion**

16    This Court has subject matter jurisdiction over their claims because Plaintiffs indisputably

17    could have filed their 1933 Act claims in federal court in the first instance, giving this Court original

18    subject matter jurisdiction.  Plaintiffs base their motion to remand on the erroneous argument that

19    removal was procedurally improper under the Securities Litigation Uniform Standards Act.   But

20    even if that argument had merit (and it does not), removal defects are non-jurisdictional matters of

21    procedure and do not affect or limit a court's original subject matter jurisdiction. *See Grubbs v. GE*

22    *Credit Corp.,* 405 U.S. 699, 702-04 (1972) (improper removal does not defeat a court's subject

23    matter jurisdiction when the court would have had original jurisdiction); *Mutafyan v. Armenian Gen.*

24    *Benevolent Union*, 235 Fed. Appx. 404, 406 (9th Cir. 2007) (same).

25    Accordingly, issues surrounding the scope and application of the non-removal provision in

26    Section 22(a) of the 1933 Act are procedural, not jurisdictional and thus do not constrain the Court's

27    power to address the Defendants' transfer motion.   There is, therefore, no jurisdictional bar to the

28    Court granting this Motion and transferring this case to the SDNY.

---

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER OR IN THE ALTERNATIVE TO DISMISS, STAY OR STRIKE THE CLASS ALLEGATIONS – CASE NO. 11 CV 5232**

-2-

1

2

### 2. This Court Has the Power to Transfer This Action Irrespective of Whether It Has Jurisdiction Over Plaintiffs' Claims

3

4

Although it is clear that this Court has jurisdiction over Plaintiffs' claims, the Court need not address that issue in advance of resolving Defendants' transfer motion. Plaintiffs' argument to the contrary ignores binding Supreme Court precedent and a host of authority in this Circuit.

5

6

7

8

9

In *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 425 (2007), the Supreme Court held that a district court may dismiss on *forum non conveniens* grounds without first determining its own jurisdiction. The Court distinguished between merits adjudications, for which jurisdiction is essential, and procedural determinations, for which jurisdiction is not. *Id.* at 425, 431 ("Jurisdiction is vital only if the court proposes to issue a judgment on the merits."); *see also*

10

11

12

13

*Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584-85 (1999) ("a court that dismisses on . . . non-merits grounds . . . before finding subject-matter jurisdiction, makes no assumption of law-declaring power that violates . . . separation of powers principles . . ." (citation omitted)). The *Sinochem* Court held that "a court need not resolve whether it has authority to adjudicate the cause (subject-matter jurisdiction) or personal jurisdiction over the defendant if it determines that . . . a foreign tribunal is plainly the more suitable arbiter of the merits of the case." *Sinochem*, 549 U.S. at 423.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Because Section 1404(a) effectively codifies the *forum non conveniens* doctrine within the federal system, courts in this Circuit have extended the holding of *Sinochem* to Section 1404(a). In *Rumohr v. Comerica Bank*, C 11-1706, 2011 WL 2437415, *1 (N.D. Cal. June 17, 2011), Judge Alsup granted defendants' motions to transfer to the United States District Court for the Central District of California, finding that "[t]he remand motions may be re-asserted in the transferee court." The *Rumohr* Court more specifically found that "[a]s an initial matter, this [court] notes that it need not decide the pending motions to remand before it decides the motions to transfer. Although a court may not rule on the merits of an action without first deciding jurisdictional issues, the outcome of a motion to transfer is not a ruling on the merits – it is a ruling on the appropriate forum in which an action should proceed to a ruling on the merits." *Id.* at *2. The court, therefore, concluded that it "may consider a motion to transfer before a motion to remand for lack of subject-matter jurisdiction is resolved." *Id.; see also In re LimitNone, LLC*, 551 F.3d 572, 576-77 (7th Cir. 2008) (transfer

28

---

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER OR IN THE ALTERNATIVE TO DISMISS, STAY OR STRIKE THE CLASS ALLEGATIONS – CASE NO. 11 CV 5232**

-3-

1    under Section 1404(a) is simply "a determination that the merits should be adjudicated elsewhere"

2    and does not invoke "substantive law-declaring power." (citation omitted)); *Seely v. Cumberland*

3    *Packing Corp.*, 10-cv-02019, 2010 U.S. Dist. LEXIS 137625, *2, n. 1 (N.D. Cal. Dec. 20, 2010)

4    (exercising discretion not to rule on a motion to dismiss before transferring the case to the Eastern

5    District of New York); *San Francisco Tech., Inc. v. Glad Prods. Co.*, 10-cv-00966, 2010 U.S. Dist.

6    LEXIS 83681, *20 n.8 (N.D. Cal. July 19, 2010) (addressing defendants' motion to transfer before

7    resolving jurisdictional questions).[1]

8        In support of their position, Plaintiffs rely heavily on a decision recently issued in *West Palm*

9    *Beach Police Pension Fund v. Cardionet, Inc.*, 10-CV-711, 2011 WL 1099815 (S.D. Cal. Mar. 24,

10   2011).  Plaintiffs characterize *West Palm Beach* as a prominent example of an action in which "the

11   court granted the plaintiff's motion to remand the case to state court even though a transfer motion

12   was pending."  (Opp. at 4.)  Plaintiffs further suggest that "the district court did not address, and in

13   fact, never ruled on the (at the time) pending motion to transfer filed by the defendants."   *Id.*

14   Plaintiffs' counsel, however, who served as lead plaintiff's counsel in *West Palm Beach*, fail to

15   inform this Court that, nearly eight months prior to the *West Palm Beach* court's decision, the

16   duplicative federal securities action filed against the same defendants pending in the Eastern District

17   of Pennsylvania had been dismissed, with prejudice.  *See* Exhibit A to the Reply Declaration of

18   Andrew W. Stern ("Stern Reply Decl.").  Accordingly, there was a very good and practical reason

19   the district court did not decide the transfer motion before the remand motion: there was no longer a

20   duplicative class action pending in the transferee court.  Moreover, the *West Palm Beach* court

21

22   ---

     [1] Before and after *Sinochem* was decided, many courts in other jurisdictions have chosen to decide
23   and grant motions for venue transfer under 28 U.S.C. § 1404(a) while remand motions were
     simultaneously pending, often expressly transferring the remand motions to allow transferee courts
24   to determine the appropriateness of remand under 28 U.S.C. § 1447. *See, e.g., Doubletree Partners,*
     *L.P. v. LandAmerica Am. Title Co.,* 3:08-CV-1547-0, 2008 WL 5119599, at *2 (N.D. Tex. Dec. 3,
25   2008); *Huntsman Corp. v. Int'l Risk Ins. Co.,* 1:08-CV-029, 2008 WL 1836384, at *3 (E.D. Tex.
     Apr. 22, 2008); *Lynn v. Purdue Pharma Co.,* Civ. 04-0300, 2004 WL 1242765, at *2-4 (D.N.M.
26   June 7, 2004); *Stewart v. May Dep't Store Co.,* Civ. A 02-2772, 2002 WL 31844906, at *2 n.1 & *3
     (E.D. La. Dec. 12, 2002); *In re Vital Link Lodi, Inc.,* 240 B.R. 15, 17, 21-22 (Bankr. W.D. Mo.
27   1999); *Gould v. Nat'l Life Ins. Co.,* 990 F. Supp. 1354, 1363-64 (M.D. Ala. 1998).

28

---

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER OR IN THE
ALTERNATIVE TO DISMISS, STAY OR STRIKE THE CLASS ALLEGATIONS – CASE NO. 11 CV 5232**

1  simply did not address the issue of whether it could have resolved the motion to transfer without

2  addressing the motion to remand.[2]

3          The other decisions Plaintiffs cite in support of their argument are equally inapposite because

4  they are either pre-*Sinochem* cases holding that remand motions had to be decided before venue

5  motions (decisions which are no longer good law following *Sinochem*), *see, e.g.*, *Smith v. Mail*

6  *Boxes, Etc.*, 191 F. Supp. 2d 1155 (E.D. Cal. 2002); or are cases that called into question whether the

7  amount in controversy satisfied the jurisdictional threshold, *i.e.*, they actually challenged the court's

8  subject matter jurisdiction as opposed to asserting that removal was prohibited.  *See Alvarez v. Ltd.*

9  *Express*, 70-CV-1051, 2007 WL 2317125 (C.D. Cal. Aug. 8, 2007) (amount in controversy too small

10  for federal jurisdiction); *Johnson v. Am. Online, Inc.*, C-01-21083, 2002 WL 1268397 (N.D. Cal.

11  Mar. 21, 2002) (same); *Villarreal v. Chrysler Corp.*, C-95-4414, 1996 WL 116832 (N.D. Cal. Mar.

12  11, 1996) (same).  These cases provide no support to Plaintiffs' arguments.

13          In addition to the numerous district courts that have transferred cases under Section 1404(a)

14  without deciding pending remand motions, it is instructive that district courts frequently choose to

15  decide motions to transfer in the multidistrict litigation ("MDL") context under 28 U.S.C. § 1407

16  before determining the merits of remand motions.  *See, e.g., Burse v. Purdue Pharma Co.,* C-04-594

17  SC & C-04-713, 2004 WL 1125055, at *1 (N.D. Cal. May 3, 2004) (where a district court is faced

18  with both a motion to remand and a motion to transfer under § 1407, the court "is free to rule on the

19  competing motions in any order" and it is "appropriate to consider Defendant's motion to transfer

20  prior to Plaintiffs' motion for remand"); *Friedman v. Purdue Pharma Co.*, Civ. 04-0404, 2004 WL

21  1376383 at *2 (D. Ariz. June 2, 2004) (deciding MDL transfer motion first, despite other pending

22  motions to remand and transfer, because "where there exists both a Motion to Remand and a Motion

23  to Transfer, a court may decide them in any order").

24

25

26  [2] It is further worth noting that, in granting remand under Section 22(a) of the 1933 Act, the *West*

27  *Palm Beach* Court erroneously relied upon *Luther v. Countrywide Home Loans Servicing LP*, 533
    F.3d 1031 (9th Cir. 2008), a case decided under the Class Action Fairness Act, rather than the

28  Securities Litigation Uniform Standards Act ("SLUSA").

1

2

3

4

5

6

7

8

In sum, although courts must decide jurisdictional issues before addressing the *merits* underlying a case, procedural issues that relate to matters such as forum selection and transfer of venue may be decided *before* motions to remand, even when such remand motions might (in circumstances not present here) be jurisdictional in nature. *See Public Employees' Retirement System of Mississippi*, 605 F. Supp. 2d at 1074. There is no judicial or statutory authority requiring a district court to resolve a motion to remand before ordering transfer, or that otherwise restricts the broad discretion of district courts in resolving disputes over venue. Thus, this Court has the jurisdiction and power to grant Defendants' motion to transfer.

9

10

**3.     The Court Should Transfer This Action And Allow The New York District Court to Determine Plaintiffs' Motion To Remand**

11

12

13

14

15

16

17

18

19

20

21

Defendants respectfully submit that the Court should transfer this action to the SDNY and allow Judge Forrest to rule on the Plaintiffs' motion to remand. The SDNY is the most appropriate forum in which to adjudicate Plaintiffs' motion to remand. Both the Court and the parties in the *McKenna* action have expended considerable time and energy litigating an action on behalf of the same proposed class of plaintiffs and against largely the same group of defendants. The court-appointed Lead Plaintiff and its counsel, which would be significantly affected by a parallel action proceeding in California state court, are present in the SDNY and will have an opportunity to be heard. *See* Letter from Avi Josefson of Bernstein Litowitz Berger & Grossmann LLP, dated Nov. 29, 2011, Stern Reply Decl., Exhibit B. Finally, if this action is permitted to proceed in California Superior Court, it is Judge Forrest, not this Court, that would be required to address the potential for conflicting rulings, duplicative discovery, and the myriad other case management issues.

22

23

24

25

26

27

28

In contrast, Plaintiffs will not suffer any prejudice if the Court transfers this action prior to ruling on the motion to remand. Such a course will not prevent Plaintiffs from having their remand motion heard – the motion will simply be heard in the SDNY. If the SDNY determines that removal was improper, the case would be remanded to the Superior Court of California, just as if this Court made that determination. *See Allied Signal Recovery Trust v. Allied Signal Inc.*, 298 F.3d 263, 270-71 (3d Cir. 2002); *see also* 16-107 Moore's Federal Practice § 107.41 ("If an action is transferred after removal to a different federal district court, that court may remand only to the state court from

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER OR IN THE ALTERNATIVE TO DISMISS, STAY OR STRIKE THE CLASS ALLEGATIONS – CASE NO. 11 CV 5232**

-6-

1   which the case was removed."). Although Plaintiffs have a right to have their remand motion heard,

2   Plaintiffs have no right to have that motion heard by this particular court. *Public Employees'*

3   *Retirement System of Mississippi*, 605 F. Supp. 2d at 1075 (citing *Menowitz v. Brown,* 991 F.2d 36,

4   40 (2d Cir. 1993) (citations omitted)). Even if this were not a case of improper forum shopping by

5   Plaintiffs and evasion of the requirements of the PSLRA, "no litigant has a right to have the

6   interpretation of one federal court rather than that of another determine his case." *Id.* "This is

7   because '[a]lthough federal courts sometimes arrive at different constructions of federal law, federal

8   law . . . is supposed to be unitary.'" *Id.* (citations omitted). Accordingly, this Court should exercise

9   its power to transfer this action to the SDNY.[3]

10   ## B. THE COURT SHOULD GRANT DEFENDANTS' MOTION TO TRANSFER UNDER THE FIRST-TO-FILE RULE AND SECTION 1404(a)

11   This Court has for all intents and purposes been asked to decide two venue motions:

12   Defendants maintain that this action should be litigated before Judge Forrest in the SDNY, while

13   Plaintiffs maintain that this case should be litigated in California Superior Court simultaneously with

14   the litigation of a prior-filed nearly identical action in the SDNY. Under the well-established "first-

15   to-file" rule and Section 1404(a), however, this action must be transferred to the SDNY.

16   ### 1. The First-To-File Rule Requires Transfer of This Action

17   As demonstrated in Defendants' opening brief, the "first-to-file" rule requires transfer of this

18   case to the SDNY. This Court has explained that "[t]he purpose of the rule is 'to avoid the waste of

19   duplication, to avoid rulings which may trench upon the authority of other courts, and to avoid

20   piecemeal resolution of issues that call for a uniform result.'" *Gerin v. Aegon USA, Inc.*, C 06-5407

21   SBA, 2007 U.S. Dist. LEXIS 28049, *11 (N.D. Cal. Apr. 3, 2007) (citation omitted). The Ninth

22   ---

23   [3] The Court should disregard Plaintiffs' half-hearted argument that the "three-step" methodology
used in MDL actions supports their position that the motion to remand should be decided first. In
24   *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1054 (N.D. Cal. 2004) (SBA), this
Court, in the MDL context, remanded an action first brought in state court that alleged violations of
25   California law, finding a stay would be judicially inefficient as it would require the transferee court
"to apply the laws of separate states and separate circuits to each separate plaintiff's jurisdictional
26   claims." Here neither California law, nor Ninth Circuit precedent need be determined by the SDNY.
This Court undoubtedly has subject matter jurisdiction and the remaining question is whether
27   Plaintiffs should be permitted to waste judicial resources (and party resources) to litigate the same
case, on behalf of the same putative class, in both New York and California.
28

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER OR IN THE ALTERNATIVE TO DISMISS, STAY OR STRIKE THE CLASS ALLEGATIONS – CASE NO. 11 CV 5232**

-7-

1    Circuit has instructed district courts to look to three threshold factors in weighing the merits of a

2    defendant's transfer motion: (1) the order in which the actions were filed; (2) similarity of the

3    parties; and (3) similarity of issues. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622 (9th Cir.

4    1991).  Plaintiffs argue that none of these factors weigh in favor of the transfer of this action to the

5    SDNY, but Plaintiffs' arguments are unavailing.

6          First, Plaintiffs contend that the "first-to-file" rule is inapplicable to a case filed initially in

7    state court (Opp. at 10-11).  Plaintiffs do not cite any authority whatsoever for that proposition,

8    which is not surprising because Plaintiffs' assertion defies common sense.  Federal courts apply the

9    "first-to-file" rule to cases pending in a federal court whether they were filed in federal court in the

10   first instance or removed from a state court.  *Medlock v. HMS Host USA, Inc.*, CV F 10-2167, 2010

11   WL 5232990, at *3-8 (E.D. Cal. Dec. 16, 2010) (transferring removed case under first-to-file rule);

12   *Rosas v. Raytheon Aircraft Co.*, 06-cv-184, 2007 WL 1520992, at *1 (S.D. Tex. May 21, 2007)

13   (same).

14         Second, Plaintiffs argue that the second *Alltrade* factor, similarity of parties, does not favor

15   transfer because the Plaintiffs have named additional defendants here that were not named in the

16   *McKenna* case.  The presence of additional defendants in a later case, however, does not defeat

17   application of the "first-to-file" rule.  *See, e.g., Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947,

18   951 (5th Cir. 1997) (district court's refusal to transfer later-filed case to court in which earlier-filed

19   duplicative action was pending was an abuse of discretion, notwithstanding that a defendant in the

20   later-filed action was not a party to the earlier action: "Complete identity of parties is not required

21   for dismissal or transfer of a case filed subsequently to a substantially related action."); *Peak v.

22   Green Tree Fin. Serv. Corp.*, C 00-0953, 2000 WL 973685, at *2 (N.D. Cal. July 7, 2000)

23   (dismissing a later class action in favor of earlier putative class action under the first-to-file rule,

24   even though individual named plaintiffs were different, because issues were the same); *Regions

25   Bank v. Wieder & Mastroianni, P.C.*, 170 F. Supp. 2d 436, 441 (S.D.N.Y. 2001) ("[w]e note that the

26   first-filed rule may apply even if the two actions at issue involve different parties"). Plaintiffs cannot

27   distinguish these cases, and also cannot deny that Defendants in this action are substantially similar

28   to the defendants in the *McKenna* action.  That is all that is required.

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER OR IN THE ALTERNATIVE TO DISMISS, STAY OR STRIKE THE CLASS ALLEGATIONS – CASE NO. 11 CV 5232**

-8-

1    Third, Plaintiffs contend that the third *Alltrade* factor, similarity of issues, weighs against

2    transfer because the damages available to Plaintiffs purportedly are distinguishable from the

3    damages available to the plaintiffs in *McKenna*.  According to Plaintiffs, Section 11(e) damages are

4    based on the date each complaint was filed.  But, even if this contention had merit, Plaintiffs do not

5    cite a single case holding that a difference in potentially available damages, in and of itself, is

6    sufficient to prevent application of the first-to-file rule.  Indeed, courts routinely consolidate

7    securities class actions filed on different dates.  In *Beecher v. Able*, 435 F. Supp. 397, 402 (S.D.N.Y.

8    1975), the court considered the filing date of the *first* of three consolidated actions to be the "most

9    logical benchmark for measuring damages under [Section] 11(e)."  It determined that "[i]n future

10   cases the prospect of selection of the filing day of the first suit may well reduce date-shopping

11   subsequent to the first filing and so far as possible limit the multiplicity of identical suits."  *See also*

12   *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1542 (8th Cir. 1996) (citing *Beecher* with approval).

13   Adopting Plaintiffs' position, in contrast, would prevent the application of the "first-to-file" rule in

14   any action for damages under Section 11(e).  This is why the law does not require actions to be

15   exactly the same; but, rather, only substantially similar.  *See Intersearch Worldwide, Ltd. v.*

16   *Intersearch Group, Inc.*, 544 F. Supp. 2d 949, 959 (N.D. Cal. 2008) (SBA) ("the 'first-to-file' rule is

17   satisfied by a *sufficient* similarity of issues" (emphasis in original and citations omitted)).

18   In sum, nearly identical issues of law and fact exist in these two actions.  Allowing Plaintiffs

19   Harper and Keene to remain in this Court (or California state court) would involve substantial

20   duplication of judicial and party resources, and it is therefore in the interest of justice to transfer the

21   instant action to the SDNY.

22   ### 2.    Section 1404(a) Requires Transfer of this Action

23   As explained in detail in the opening brief, Section 1404(a) provides the Court with an

24   additional basis to transfer this action to the SDNY.  The purpose of Section 1404(a) "is to prevent

25   the waste of time, energy and money and to protect litigants, witnesses and the public against

26   unnecessary inconvenience and expense."  *Rumohr*, 2011 WL 2437415, at *2 (quoting *Van Dusen v.*

27   *Barrack*, 376 U.S. 612, 616 (1964) (citation and quotation marks omitted)).  Plaintiffs' arguments

28   against transfer pursuant to Section 1404 are misplaced.

---

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER OR IN THE ALTERNATIVE TO DISMISS, STAY OR STRIKE THE CLASS ALLEGATIONS – CASE NO. 11 CV 5232**

-9-

1        First, Plaintiffs have failed to articulate any good reason for this case to be litigated in

2   California.  New York is at least as convenient for the parties, and certainly more convenient for the

3   witnesses, than the Northern District of California.  This case is intimately related to the *McKenna*

4   action, and even if convenience factors were deemed neutral, "[t]he pendency of [a] related action[]

5   in the transferee forum" tips the balance in favor of transfer.  *Cohn v. Oppenheimerfunds, Inc.*, 09-

6   cv-1656, 2009 U.S. Dist. LEXIS 106749 (S.D. Cal. Nov. 12, 2009).

7        Second, granting transfer in this case would prevent Plaintiffs – and discourage other litigants

8   – from engaging in improper forum shopping and evasion of the PSLRA.  There is no California

9   nexus to this action.  The only reason this action was brought in California Superior Court is so that

10  Plaintiffs could attempt to avoid the requirements of the PSLRA. Such forum shopping not only

11  precludes any deference to Plaintiffs' choice of forum, it tilts the "interest of justice" factor in favor

12  of transfer.  Deference is lessened even further because this is a putative class action and Plaintiffs

13  have not – and cannot – identify any operative facts that occurred in the Northern District of

14  California. *Burse*, 2004 WL 1125055, at *2 (finding plaintiffs' choice of forum in class action with

15  no nexus to California is entitled to less deference); *see also Koster v. Lumbermens Mutual Cas. Co.*,

16  330 U.S. 518, 524 (1947) (in a class action, "the claim of any one plaintiff that a forum is

17  appropriate merely because it is his home forum is considerably weakened"); *Pacific Car & Foundry*

18  *Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968) (plaintiff's choice of forum is entitled to minimum

19  consideration where facts have not occurred within selected forum).  Because the operative facts

20  bear only a tenuous relationship to California and Plaintiffs will not be materially inconvenienced,

21  transfer to the SDNY pursuant to Section 1404(a) is appropriate.

22  **III.    CONCLUSION**

23       For the foregoing reasons, and those set forth in Defendants' opening brief, the Court should

24  transfer this action to the Southern District of New York or, in the alternative, dismiss this action or

25  stay it and strike the Plaintiffs' class allegations.

26

27

28

1

2    DATED:  December 16, 2011                    Respectfully submitted,

3                                                 SIDLEY AUSTIN LLP

4

5                                                        */s/  SARA B. BRODY*
                                                 _____
                                                 SARA B. BRODY
6                                                sbrody@sidley.com
                                                 555 California Street, 19th Floor
7                                                San Francisco, CA  94104
                                                 Telephone:  (415) 772-1200
8                                                Facsimile:  (415) 772-7400

9

10                                               Of Counsel:
                                                 Andrew W. Stern *(pro hac vice application pending)*
11                                               astern@sidley.com
                                                 787 Seventh Avenue
12                                               New York, NY  10019
                                                 Telephone:  (212) 839-5300
13                                               Facsimile:  (212) 839-5599

14                                               *Attorneys for Defendants SMART Technologies Inc.,*
                                                 *Apax Partners, David A. Martin, Nancy L. Knowlton,*
15                                               *G.A. Fitch, Salim Nathoo*
                                                 *and Arvind Sodhani*

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER OR IN THE ALTERNATIVE TO DISMISS, STAY OR STRIKE THE CLASS ALLEGATIONS – CASE NO. 11 CV 5232**

-11-

1

2

GIBSON, DUNN & CRUTCHER LLP

3

_____ /s/  PAUL J. COLLINS _____
PAUL J. COLLINS (SBN 187709)
pcollins@gibsondunn.com

4

1881 Page Mill Road

5

Palo, Alto, CA 94304
Telephone: (650) 849-5309

6

Facsimile: (650) 849-5009

7

Attorneys for Defendant Intel Corporation

8

9

10

MILBANK, TWEED, HADLEY & MCCLOY LLP

11

12

_____ /s/  JERRY L. MARKS _____
JERRY L. MARKS (SBN 135395)

13

jmarks@milbank.com

14

601 South Figueroa Street, 30th Floor
Telephone: (213) 892-4550

15

Facsimile: (213) 892-4750

16

Of Counsel:
Scott A. Edelman

17

sedelman@milbank.com

18

Douglas W. Henkin
dhenkin@milbank.com

19

One Chase Manhattan Plaza
New York, New York  10005

20

Telephone:  (212) 530-5100
Facsimile:  (212) 530-5219

21

22

Attorneys for Defendants Morgan Stanley & Co. LLC
(f/k/a Morgan Stanley & Co. Inc.), Deutsche Bank
AG and RBC Dominion Securities Inc.

23

24

25

26

27

28