Sara B. Brody (SBN 130222)
SIDLEY AUSTIN LLP
555 California Street, 19th Floor
San Francisco, California  94104
Telephone:  (415) 772-1200
Facsimile:  (415) 772-7400
sbrody@sidley.com

Andrew W. Stern *(admitted pro hac)*
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY  10019
Telephone:  (212) 839-5300
Facsimile:  (212) 839-5599
astern@sidley.com

*Attorneys for Defendants SMART Technologies Inc.,
David A. Martin, Nancy L. Knowlton, G.A. Fitch,
Salim Nathoo, Arvind Sodhani, and Apax Partners*

[Counsel for Additional Parties
Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THOMAS E. HARPER and DIANE KEENE, Individually and On Behalf of All Others Similarly Situated,<br><br>              Plaintiffs,<br><br>vs.<br><br>SMART TECHNOLOGIES INC., DAVID A. MARTIN, NANCY L. KNOWLTON, G.A. FITCH, SALIM NATHOO, ARVIND SODHANI, INTEL CORPORATION, APAX PARTNERS, MORGAN STANLEY & CO. INC., DEUTSCHE BANK AG, and RBC DOMINION SECURITIES INC,<br><br>              Defendants. | Case No. 11 CV 5232 (SBA)<br><br>Assigned to: Hon. Saundra Brown Armstrong<br><br>**RESPONSE TO PLAINTIFFS' STATEMENT OF RECENT DECISION IN FURTHER SUPPORT OF MOTION TO REMAND** |

Defendants SMART Technologies Inc., Apax Partners, David A. Martin, Nancy L. Knowlton, G.A. Fitch, Salim Nathoo, Arvind Sodhani, Intel Corporation, Morgan Stanley & Co. LLC (f/k/a Morgan Stanley & Co. Inc.), Deutsche Bank AG, and RBC Dominion Securities Inc. respectfully submit this Response to Plaintiffs' Statement of Recent Decision in Further Support of Motion to Remand.

On March 13, 2012, Plaintiffs presented to this Court the recent decision in *Young v. Pacific Biosciences of California, Inc.*, No. 11 Civ. 05668 (N.D. Cal. Mar. 13, 2012), which granted a motion to remand a putative class action asserting solely federal claims under the Securities Act of 1933 ("1933 Act"), notwithstanding the Securities Litigation Uniform Standards Act of 1998 ("SLUSA")'s amendments to the 1933 Act's removal and jurisdictional provisions. The *Young* decision is incorrectly decided and, most important, does nothing to alter the conclusion that this Court can and should transfer this action to the Southern District of New York *without addressing* Plaintiffs' Motion to Remand.

Defendants' Motion to Transfer[1] and Plaintiffs' Motion to Remand address the same questions: (a) was this case properly filed and (b) what Court should make that determination. As discussed previously in detail, the case belongs in the Southern District of New York, in front of Judge Katherine B. Forrest, where *McKenna v. SMART Technologies Inc.*, 11 Civ. 7673, has long been pending. In *McKenna*, a case involving almost identical allegations and substantially similar parties, the court has already appointed the Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, approved the Lead Plaintiff's choice of lead counsel, and, today, issued a decision following Defendants' motion to dismiss the complaint that has substantially narrowed the issues to be litigated. A copy of Judge Forrest's decision is annexed as Exhibit B to the accompanying Stern Declaration.

Plaintiffs' submission of the *Young* decision should not distract the Court from its ability (as established incontrovertibly by the Supreme Court and recent precedent in this Circuit[2]) to transfer

---

[1] Defendants' motion is fully titled Defendants Motion to Transfer this Action or, in the alternative, to Dismiss or Stay this Action and Strike the Class Allegations. The complete papers for the parties' respective motions can be found at Docket Nos. 10 through 15 and 20 through 26.

[2] *See* discussion at Parts A.1 through A.3 of Defendants' Reply Brief in Support of their Motion to

this case to Judge Forrest so that she may address the question of remand and, ultimately, whether the case should be consolidated with the prior-filed *McKenna* action.

Even if the Court decides to address the propriety of remand prior to addressing transfer, however, the reasoning of the *Young* decision is unpersuasive in that it relied entirely upon district court decisions that Defendants have already demonstrated were erroneous in their analysis of the plain language and legislative history of SLUSA. (*See* Defendants' Opposition to Plaintiffs' Motion to Remand at Part IV.B (Docket No. 20).) The *Young* decision is further in error insofar as it relied upon *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031 (9th Cir. 2008), in which the Ninth Circuit found a putative class action not to be removable under the Class Action Fairness Act of 1995 ("CAFA"), as opposed to SLUSA.[3] *Luther* did not address SLUSA because, unlike the instant action, it did not involve *covered* securities. In fact, in their Notice of Removal, Defendants explained that the *Luther* decision, if relevant at all, supported *Defendants'* position insofar as the *Luther* court implied that it would have found the action in question removable *had* SLUSA been implicated. (*See* Docket No. 1 at 4; *Luther* at 1033 n.1 (acknowledging the exception to the 1933 Act's removal bar under Section 16(c), but explaining that it "does not apply because it is limited to cases involving 'covered securities' [and the] parties agree that the [securities at issue] are not of that type").) Plaintiffs, for their part, mention *Luther* only once in their remand briefing, asserting that *Luther* is entirely irrelevant to the instant action. (*See* Plaintiffs' Motion to Remand and Memorandum in Support Thereof at 10 n.4 ("In fact, the defendants in *Luther* removed the case only under [CAFA]. Therefore, the Ninth Circuit did not analyze the plain language or legislative history of SLUSA . . .").) Nowhere do Plaintiffs argue that *Luther* in any way supports their incorrect reading of SLUSA. That is because it does not.

---

Transfer (Docket No. 25) (citing, *inter alia*, *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007); *Grubbs v. GE Credit Corp.*, 405 U.S. 699, 702-04 (1972); and *Rumohr v. Comerica Bank*, 11 Civ. 1706, 2011 WL 2437415, *1 (N.D. Cal. June 17, 2011)).
[3] The court in *West Palm Beach Police Pension Fund v. CardioNet*, No. 10 Civ. 711, 2011 WL 1099815 (S.D. Cal. Mar. 24, 2011), which the *Young* court found "persuasive," also improperly relied upon *Luther*.

Accordingly, the *Young* decision adds nothing new.  The Court should grant Defendants' motion to transfer and, if it determines to resolve Plaintiffs' motion to remand, should deny that motion.

DATED:  April 3, 2012                                                    SIDLEY AUSTIN LLP

                    By: _____/s/ *Andrew W. Stern*_____
                         Andrew W. Stern

Attorneys for Defendants SMART TECHNOLOGIES INC., DAVID A. MARTIN, NANCY L. KNOWLTON, G.A. FITCH, SALIM NATHOO, ARVIND SODHANI, and APAX PARTNERS

DATED:  April 3, 2012                                                    GIBSON, DUNN & CRUTCHER LLP

                    By: _____/s/ *Paul J. Collins*_____
                         Paul J. Collins

Attorneys for Defendant
INTEL CORPORATION

DATED:  April 3, 2012                                                    MILBANK, TWEED, HADLEY & MCCLOY LLP

                    By: _____/s/ *Jerry L. Marks*_____
                         Jerry L. Marks

Attorneys for Defendants MORGAN STANLEY & CO. LLC (F/K/A MORGAN STANLEY & CO. INC.), DEUTSCHE BANK AG, and RBC DOMINION SECURITIES INC.