UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THOMAS E. HARPER and DIANNE KEENE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SMART TECHNOLOGIES INC., DAVID A. MARTIN, NANCY L. KNOWLTON, G.A. FITCH, SALIM NATHOO, ARVIND SODHANI, INTEL CORPORATION, APAX PARTNERS, MORGAN STANLEY & CO. INC., DEUTSCHE BANK AG, and RBC DOMINION SECURITIES INC,<br><br>Defendants. | Case No: C 11-5232 SBA<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**<br><br>Docket 10, 14, 36 |

On September 27, 2011, Plaintiffs Thomas E. Harper and Dianne Keene commenced the instant class action against Smart Technologies Inc. ("Smart") and others in state court, alleging claims under the Securities Act of 1933 ("the 1933 Act"). The 1933 Act includes an anti-removal provision which precludes the removal of actions filed in state court. See 15 U.S.C. § 77v(a). Nonetheless, Smart removed the action, claiming that amendments to the 1933 Act, as set forth in the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), create an exception to the removal bar set forth in section 77v(a).

The parties are presently before the Court on (1) Plaintiffs' Motion to Remand; and (2) Defendants' Motion to Transfer or Alternatively to Dismiss or Stay Action and Strike Class Allegations. Having read and considered the papers submitted and the record in this action, and being fully informed, the Court hereby GRANTS Plaintiffs' motion to remand and DENIES the motion to transfer as moot. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.     BACKGROUND

Plaintiffs filed the instant putative class action in the Superior Court of California in and for the City and County of San Francisco against Defendants Smart, David A. Martin, Nancy L. Knowlton, G.A. Fitch, Salim Nathoo, Arvind Sodhani, Intel Corporation, Apax Partners, Morgan Stanley & Co., Inc., Deutsche Bank AG and RBC Dominion Securities, Inc.  The Complaint alleges that Defendants violated sections 11, 12(a)(2) and 15 of the 1933 Act by issuing stock based on misleading and inaccurate information reported to the Securities and Exchange Commission in connection with Smart's Initial Public Offering in July 2010.  Plaintiffs' action is based entirely on rights and duties created under the 1933 Act, and do not rely on state law.

Section 22(a) of the 1933 Act, codified at 15 U.S.C. § 77v(a), provides for concurrent jurisdiction and includes a provision which bars the removal of any action commenced in state court.  Section 77v(a) states, in relevant part:

> The district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this subchapter . . . concurrent with State and Territorial courts, <u>except as provided in section 77p of this title with respect to covered class actions</u>, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter. . . .  <u>Except as provided in section 77p(c) of this title</u>, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

15 U.S.C. § 77v(a) (emphases added).  The underlined text was added in 1998 pursuant to the SLUSA, which amended various provisions of the 1933 Act in an effort to limit private securities class action litigation.

On October 26, 2011, Smart removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, and 15 U.S.C. § 77p(c).  Notice of Removal, Dkt. 1.  In its Notice of Removal, Smart alleges that in light of the SLUSA's amendments to section 77v(a), the instant action falls within the purview of removable actions, as specified in 15 U.S.C. § 77p(c) and that federal courts now have exclusive jurisdiction over all "covered class actions."  <u>Id.</u> ¶¶ 5-10.

Plaintiffs now move to remand the action to state court. Dkt. 14. The crux of their motion is that under the SLUSA's amendments, only lawsuits under the 1933 Act premised on state law are removable. Since their Complaint only alleges claims derived specifically from the 1933 Act and not state law, Plaintiffs argue that Smart's removal was improper. Defendants oppose Plaintiffs' motion to remand and have separately filed a motion to transfer venue to the Southern District of New York, where a similar class action is pending. Dkt. 10. The motions are fully briefed and are ripe for adjudication.[1]

## II.    LEGAL STANDARD

"A defendant may remove an action originally filed in state court only if the case originally could have been filed in federal court." In re NOS Commc'n, MDL No. 1357, 495 F.3d 1052, 1057 (9th Cir. 2007). "A motion to remand is the proper procedure for challenging removal." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). Remand may be ordered either for lack of subject matter jurisdiction or for any defect in the removal procedure. 28 U.S.C. § 1447(c). "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Moore-Thomas, 553 F.3d at 1244. As such, any doubts regarding the propriety of the removal favors remanding the case. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

---

[1] On March 13, 2012, Plaintiffs filed a Statement of Recent Decision ("Statement"), which attached a copy of Judge Davila's decision in Young v. Pacific Biosciences of California, Inc., No. C 11-5668 EJD, 2012 WL 851509 (N.D. Cal. Mar. 13, 2012). Dkt. 5. In response, Defendants filed a motion for leave to submit a three-page substantive response to Plaintiff's Statement. Dkt. 36, 37. Since Plaintiffs' Statement only attached a copy of the decision without offering any argument, the Court finds that no substantive response by Defendants is necessary. Accordingly, Defendants' motion for leave to file a response to Plaintiffs' Statement is DENIED.

## III. DISCUSSION

### A. STATUTORY OVERVIEW

Plaintiffs predicate the instant action on Defendants' alleged violations of various provisions of the 1933 Act. Congress enacted the 1933 Act, as well as the Securities Exchange Act of 1934 ("Exchange Act"), in response to the stock market crash of 1929 and the Great Depression that followed, in order to regulate "vital elements of our economy." Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit, 547 U.S. 71, 78 (2006). "The primary innovation of the 1933 Act was the creation of federal duties—for the most part, registration and disclosure obligations—in connection with public offerings." Gustafson v. Alloyd Co., Inc., 513 U.S. 561, 571 (1995). A suit under the 1933 Act may be premised on rights conferred under the Act or upon a state's common or statutory law. See Madden v. Cowen & Co., 576 F.3d 957, 965 (9th Cir. 2009). As originally enacted, the 1933 Act provided for concurrent jurisdiction, meaning that an action could be brought and maintained in state or federal court. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1197 (9th Cir. 1988). In addition, under section 22(a) of the 1933 Act, if a suit was filed in state court, defendants were completely barred from removing the action. See id. (citing 15 U.S.C. § 77v(a) (1982)).

Due to the proliferation of lawsuits under the 1933 Act and the Exchange Act, Congress enacted the Private Securities Litigation Reform Act of 1995 ("PSLRA"), which amended the 1933 Act and the Securities Exchange Act of 1934, 48 Stat. 881, "[a]s a check against abusive litigation by private parties [under federal securities laws]." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 313 (2007). Among other things, the PLSRA imposed heightened pleading requirements, sanctions for frivolous litigation and a mandatory discovery stay pending resolution of any motion to dismiss. In re Enron Corp. Secs., 535 F.3d 325, 337 (9th Cir. 2008). These requirements applied to securities actions venued in federal court. Id. Due to the passage of the PSLRA, many class action plaintiffs sought to avoid the PSLRA's stringent procedural requirements by bringing state law-based securities lawsuits in state court rather than federal court. Madden, 576 F.3d at 963-64.

The removal bar in section 77v(a) effectively ensured that suits filed in state court could not be removed, thereby allowing the plaintiff to avoid the PSLRA.

To prevent an end run around the PSLRA and "to rein in private securities litigation," Congress further amended the 1933 Act and Exchange Act by enacting the SLUSA in 1998.  Id.; see Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1217 (9th Cir. 2009) ("Congress's purpose in enacting SLUSA was to channel securities fraud litigation away from state-law class actions and into the federal courts under the [PSLRA]").  The SLUSA amended the 1933 Act in a number of ways, including making "some state-law claims nonactionable through the class action device in federal as well as state court."  Kircher v. Putnam Funds Trust, 547 U.S. 633, 637 n.1 (2006).  This new limitation, which is referred to as the SLUSA's "preclusion provision," codified at 15 U.S.C. § 77p(b), precludes any court from presiding over an action that is:

> (1) a "covered class action"[2] (2) "based upon the statutory or common law" of any state (3) being maintained by "any private party," and if the action alleges (4) either "an untrue statement or omission of material fact" or "that the defendant used or employed any manipulative or deceptive device or contrivance" (5) "in connection with the purchase or sale" (6) of a "covered security."

Madden, 576 F.3d at 965 (citing 15 U.S.C. § 77p(b)).  If a class action meets all of the foregoing requirements, it is deemed to be "precluded," meaning that "neither the district court nor the state court may entertain it, and the proper course is to dismiss." Kircher, 547 U.S. at 644.

The SLUSA's preclusion provision operates in tandem with its "removal provision." The removal provision, codified at 15 U.S.C. § 77p(c), creates an exception to the 1933 Act's removal bar and allows defendants to remove precluded actions to federal court.  The removal provision provides that: "Any covered class action brought in any State court

---

[2] SLUSA defines "covered class action" as including a lawsuit in which "one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members."  15 U.S.C. § 77p(f)(2)(A)(i).

involving a covered security, as set forth in subsection (b) of this section, shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b) of this section." 15 U.S.C. § 77p(c).  The purpose of this provision is to ensure that the determination of whether an action is precluded will be made in federal court, not state court.  Madden, 576 F.3d at 965-66 ("To prevent actions precluded by SLUSA from being litigated in state court, SLUSA authorizes defendants to remove such actions to federal court, effectively ensuring that federal courts will have the opportunity to determine whether a state action is precluded.").  Importantly, the Supreme Court has construed this provision to mean that only a covered class action that <u>also is precluded within the meaning of section 77p(b)</u> is removable.  See Kircher, 547 U.S. at 643-44.

Once an action is removed, the district court must, as a matter of determining its jurisdiction, assess whether the action is, in fact, precluded.  Madden, 576 F.3d at 974 ("in Kircher, . . . the Supreme Court clarified that a district court's jurisdiction under SLUSA extends only to actions that are not precluded.").  If the district court determines that a removed action is precluded, the court must dismiss the action because such an action is not cognizable.  Kircher, 547 U.S. at 644.  "If a federal court determines that an action is not precluded, it 'has no jurisdiction to touch the case on the merits, and the proper course is to remand to the state court that can deal with it.'"  Madden, 576 F.3d at 965 (quoting Kircher, 547 U.S. at 644).  Though its provisions are somewhat convoluted, the mandate of the SLUSA is both clear and limited:  "[The] SLUSA gives a federal court authority to do only two things with a removed action:  dismiss it as precluded or remand it to state court."  Id. at 975 (citing Kircher, 547 U.S. at 644).[3]

---

[3] "This counterintuitive outcome, where certain State law claims are removable, albeit only to be dismissed as precluded, while federal claims are not removable, is due to the convoluted history of the [1933 Act], including the [PSLRA], its unintended consequences, and the SLUSA's purpose of counteracting them."  West Palm Beach Police Pension Fund v. Cardionet, Inc., No. 10cv711–L(NLS), 2011 WL 1099815, at *2 (S.D. Cal. Mar. 24, 2011).

By necessity, the enactment of the "preclusion provision" and "removal provision" under the SLUSA also resulted in an amendment to the 1933 Act's anti-removal provision, which is set forth at 15 U.S.C. § 77v(a).  Prior to the SLUSA, section 77v(a) stated:  "No case arising under this subsection and brought in any State court of competent jurisdiction shall be removed to any court of the United States."  The SLUSA amended this provision so that it now reads as follows:  "<u>Except as provided in section 77p(c) of [the 1933 Act]</u>, no case arising under this subsection and brought in any State court of competent jurisdiction shall be removed to any court of the United States."  15 U.S.C. § 77v(a) (emphasis added to SLUSA amendments).  Defendants purported to remove the action based on the SLUSA's amendment to § 77v(a).

**B.     CONTENTIONS**

**1.     Applicability of the Removal Bar**

Plaintiffs contend that the SLUSA's amendments to the 1933 Act, including the revision to its anti-removal provision, only extend to covered class actions based on state law, and do not apply where, as here, the action is based directly on rights and duties from the 1933 Act.  The Court agrees.  As noted, the Supreme Court has recognized that the SLUSA only allows the removal of covered class actions that are precluded within the meaning of section 77p(b).  See <u>Kircher</u>, 547 U.S. at 643-44.  Under the SLUSA, a precluded action is one "based upon the statutory or common law of any State or subdivision thereof," among other requirements.  <u>See</u> 15 U.S.C. § 77p(b).  In other words, to be precluded, a covered class action must be, inter alia, one based on state law.  <u>See</u> <u>Madden</u>, 576 F.3d at 965 ("[plaintiff]'s action will fall within [the] SLUSA's preclusion provision if the action is . . . based on the statutory or common law of any state") (internal quotations omitted).

In contrast, where, as here, the action only alleges claims under the 1933 Act, as opposed to state law, the 1933 Act's removal bar controls and precludes removal of the action.  The Ninth Circuit unequivocally articulated this principle in <u>Luther</u>:

> The Securities Act of 1933, which imposes liability for omissions and misstatements in various securities-related communications, provides concurrent jurisdiction in state and federal courts over alleged violations of the Act. Pub.L. No. 73–22, ch. 38, § 22(a), 48 Stat. 74, 86–87 (codified at 15 U.S.C. § 77v(a)). However, § 22(a) strictly forbids the removal of cases brought in state court and asserting claims under the Act. <u>Luther's class action falls within § 22(a)'s removal bar because it was brought in state court and asserts only claims arising under the Securities Act of 1933</u>.

533 F.3d at 1033 (emphasis added). As in <u>Luther</u>, Plaintiffs filed their action in state court, only alleging claims based on the 1933 Act. Consequently, the 1933 Act's removal bar applies and forecloses removal of the action. <u>Id.</u>; <u>accord</u> <u>Young</u>, 2012 WL 851509, at *1-2 (remanding action on the ground that "cases alleging claims only under the 1933 Act cannot be removed from state court"); <u>Hawaii Structural Ironworkers Pension Trust Fund v. Calpine Corp.</u>, No. 03CV0714BTM(JFS), 2003 WL 23509312, at *2 (S.D. Cal. Aug. 27, 2003) ("The plain language of section 77p(c) limits removal to class actions that are based upon state claims."). Since there is no dispute between the parties that this action is grounded on the 1933 Act and not state law, it is not removable under the SLUSA.

### 2. Concurrent Jurisdiction

Defendants counter that the removal was proper on the ground that under the SLUSA federal courts now have exclusive jurisdiction over <u>all</u> covered class actions. Defendants fail to cite any particular provision of the SLUSA to support this contention—because none exists. Instead, Defendants point to the first sentence of section 77v(a), which states: "The district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, <u>except as provided in section 77p of this title with respect to covered class actions</u> . . . ." 15 U.S.C. § 77v(a) (emphasis added) According to Defendants, the carve-out for certain covered class actions "as provided in section 77p" demonstrates Congress' intent to vest federal courts with exclusive jurisdiction over all covered class actions.

- 8 -

1    To properly construe section 77v(a)'s limited exception to concurrent jurisdiction, the language at issue must be construed in context with the other provisions of the SLUSA. See Wilderness Soc'y v. United States Fish & Wildlife Servs., 353 F.3d 1051, 1060 (9th Cir. 2003) ("it . . . is a fundamental canon [of statutory construction] that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.") (internal quotation marks omitted); Kirchner, 547 U.S. at 643 (courts "do not read statutes in little bites").  Applying these rules of construction, it is readily apparent that Defendants' construction of section 77v(a) is erroneous.  Section 77v(a) does not, as Defendants posit, state that concurrent jurisdiction no longer exists as to all covered class actions.  To the contrary, the statute provides that the exception to concurrent jurisdiction is determined by reference to "section 77p . . . with respect to covered class actions."  Id. (emphasis added).  Thus, the starting point for determining whether an action is subject to the exception is determined by reference to section 77p, not solely whether the action is a covered class action.

Section 77p contains the SLUSA's preclusion provision, which provides that "[n]o covered class action based upon the statutory or common law of any State or subdivision thereof" may be maintained in any state or federal court by a private party alleging any statement or omission of material fact or used any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.  15 U.S.C. § 77p(b).  Under the preclusion provision, not all covered class actions are precluded.  Rather, only those covered class actions that are based on state law and which satisfy other requirements are precluded.  See Madden, 576 F.3d at 965.  As noted, the SLUSA makes precluded actions removable to ensure that they are not litigated in state court, and that federal courts are the sole arbiter of whether an action is precluded.  See id. at 964-65.  Thus, the elimination of concurrent jurisdiction for precluded actions works in conjunction with the SLUSA's other revisions to section 77v(a)—namely the removal and preclusion provisions—to ensure that precluded actions are addressed exclusively in federal court.  See id. at 965.

In sum, the Court finds that the SLUSA's revision to section 77v(a) provision for concurrent jurisdiction does not vest federal courts with exclusive jurisdiction over any and all covered class actions. Rather, the exception to concurrent jurisdiction applies only to precluded actions; that is, a covered class action that also meets all of the requirements of section 77p(b). See Madden, 576 F.3d at 965. Because the instant action is not a precluded action, the Court has no jurisdiction to consider it. "As the Supreme Court has explained, any suit removable under SLUSA's removal provision, § 77p(c), is precluded under SLUSA's preclusion provision, § 77p(b), and any suit not precluded is not removable." Id. (emphasis added).[4]

## IV.  CONCLUSION

The Court finds that the instant action is not precluded under section 77p(b), and therefore, the Court has no jurisdiction over the action. Remand is therefore required. Accordingly,

IT IS HEREBY ORDERED THAT:

1.  Plaintiffs' motion to remand is GRANTED. Pursuant to 28 U.S.C. § 1447(c), this matter is hereby REMANDED to the San Francisco Superior Court. The Clerk of the Court shall transmit the file to state court forthwith.

2.  Defendants' motions to transfer and for permission to file response to Plaintiffs' statement of recent decision are DENIED AS MOOT.

3.  The Clerk shall close the file and terminate all pending matters.

---

[4] Defendants cite Knox v. Agria Corporation, 613 F. Supp. 2d 419 (S.D.N.Y. 2009), which ruled that all covered class actions under the 1933 Act are removable. Id. at 425. However, Knox overlooked section 77v(a)'s explicit reference to section 77p, and otherwise made no effort to harmonize the jurisdictional amendment in section 77v(a) with the overall statutory scheme of the SLUSA. In addition, Knox, a decision from outside this Circuit, cannot be reconciled with the Ninth Circuit's recognition that "under Kircher, the district court has jurisdiction over [plaintiff]'s complaint under the SLUSA's removal provision [15 U.S.C. § 77v(a)] only if the action is precluded." Madden, 576 F.3d at 975 (emphasis added). Thus, Madden holds that the "exclusive" jurisdiction conferred upon the federal court is limited to precluded actions, as opposed to all covered class actions.

1 |     IT IS SO ORDERED.

2 | Dated: September 28, 2012

3 |                                         _____
SAUNDRA BROWN ARMSTRONG
United States District Judge